**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC,<br><br>Plaintiff,<br>v.<br><br>HUAWEI DEVICE USA INC., HUAWEI DEVICE CO., LTD. AND HUAWEI DEVICE (DONGGUAN) CO., LTD.,<br>HTC CORPORATION,<br>LG ELECTRONICS INC.,<br>APPLE INC.,<br>ZTE CORPORATION, ZTE (USA), INC., AND ZTE (TX), INC.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 2:17-CV-513-JRG<br>(Lead Case)<br><br>Civil Action No. 2:17-CV-514-JRG<br>Civil Action No. 2:17-CV-515-JRG<br>Civil Action No. 2:17-CV-516-JRG<br>Civil Action No. 2:17-CV-517-JRG |

**P.R. 4-3 – UPDATED JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT**

Pursuant to Patent Local Rule 4-3 and the schedule provided by the Court's Second Amended Docket Control Order (D.I. 115), Plaintiff AGIS Software Development LLC ("Plaintiff") and Defendants Huawei Device USA Inc., Huawei Device Co., Ltd., Huawei Device (Dongguan) Co., Ltd. (collectively, "Huawei"), HTC Corporation ("HTC"), LG Electronics Inc. ("LG"), Apple Inc. ("Apple"), and ZTE (USA) Inc., and ZTE (TX), Inc. (collectively, "ZTE"), (Huawei, HTC, LG, Apple, and ZTE collectively referred to herein as "Defendants") hereby provide an Amended Joint Claim Construction and Prehearing Statement ("Joint Statement").

This updated Joint Statement reflects revisions worked out between the parties and reduces the number of disputed terms.

This Joint Statement addresses the agreed and disputed claim terms and phrases from the asserted claims of the five asserted patents: U.S. Patent Nos. 8,213,970 (the "'970 Patent"),

9,408,055 (the "'055 Patent"), 9,445,251 (the "'251 Patent"), and 9,467,838 (the "'838 Patent"), and 9,749, 829 (the "'829 Patent") (collectively, "Patents-In-Suit").[1]

**I. The Construction Of Those Claim Terms On Which The Parties Agree**

Pursuant to P.R. 4-3(a), the parties have been unable to agree on the constructions of any claim terms at issue in this case as set forth in Appendix 1. At this stage, the parties are unaware of any other disputes regarding construction of the asserted claims.[2]

**II. Each Party's Proposed Construction Of Each Disputed Claim Term**

Pursuant to P.R. 4-3(b), the parties have attached a chart hereto as Appendix 1, which shows each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction, including but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses.[3,4]

---

[1] AGIS has asserted the '829 Patent only against Apple. Accordingly, unless otherwise stated, the claim terms identified herein from that patent, and any subsequent positions taken with respect to those terms, are only proffered by and attributable to Apple. In this regard, no inferences shall apply to those defendants against whom AGIS has not asserted the '829 Patent (*e.g.*, Huawei, LG, HTC, and ZTE).

[2] AGIS informed Defendants that it is AGIS's position that the remaining terms of the asserted claims should be affording their plain and ordinary meaning.

[3] Defendants object to Plaintiff's disclosures in Appendix 1. Plaintiff has failed to sufficiently identify its positions pursuant to P.R. 4-2, which requires each party to provide its proposed construction of each disputed claim term, phrase, or clause, including "for each element which any party contends is governed by 35 U.S.C. 112(6), [an identification of] the structure(s), act(s), or material(s) corresponding to that element." Plaintiff failed to meet those requirements in at least two ways: (i) by citing nearly identical lists of "exemplary 'structure(s), act(s), or material(s)' that may correspond" with each of the claim element that Defendants contend are governed by 35 U.S.C. 112(f), which cover nearly the entire specification of each asserted patent; and (ii) by including, for each claim element that Defendants contend is governed by 35 U.S.C. 112(f), an assertion that Plaintiff "reserves the right to identify additional structure from

Where intrinsic and extrinsic citations have been made for a particular claim term, phrase, or clause they should be understood as applicable to each other instance where the same term, phrase, or clause appears elsewhere.

**III. Anticipated Length Of Time Necessary For Claim Construction Hearing**

Pursuant to P.R. 4-3(c), the Defendants anticipate that the parties will need a combined total of four hours for presentation at the Claim Construction Hearing with equal time for each side. This case involves five defendants and five asserted patents—with different patents asserted against different defendants. At the time of the Claim Construction Hearing, Plaintiff will have narrowed the asserted claims to 38 claims per defendant. The parties agree that at least 6 terms are governed by 112(6) and dispute whether numerous additional terms are governed by 112(f).

Plaintiff does not oppose this request.

**IV. Witness Testimony At The Claim Construction Hearing**

Pursuant to P.R. 4-3(d), neither party has current plans to call any live witnesses at the claim construction hearing. The parties may, however, be offering expert declarations in support

all preceding applications in the priority chain" for each such term. These statements obscure the specific "structure(s), act(s), or material(s)" that Plaintiff contends corresponds to each element and thereby fail to provide Defendants with fair notice of AGIS's positions as required by P.R. 4-2. As such, Defendants reserve the right to move to strike or to request additional briefing if Plaintiff raises any arguments in its briefs that only a subset of the disclosures identified in the P.R. 4-2 and 4-3 disclosures for a give element provides the "structure(s), act(s), or material(s)" corresponding to that element, or that additional structure from any preceding applications in the priority chain provide such "structure(s), act(s), or material(s)."

[4] AGIS objects to Defendants' disclosures set forth in Appendix 1. Defendants 4-1 statement alleged broadly that entire claims of the '055, '251, '838, and '829 Patents were governed by 35 U.S.C. 112(f) and were invalid as indefinite. AGIS's 4-2 statement responded to Defendants' 4-1 statement and contends that the claims are not governed by 35 U.S.C. 112(f) and are not indefinite. Defendants 4-2 statement further divides the claims into smaller portions and alleges that the smaller portions are each governed by 35 U.S.C. 112(f). AGIS maintains its position that the claims of the '055, '251, '838, and '829 Patents are not governed by 35 U.S.C. 112(f).

of their Markman briefs. With respect to the timing of expert declarations and depositions regarding claim construction and indefiniteness, the parties agree to the following:

- Any expert declaration from Plaintiff's expert submitted to support a proposed construction or position will be submitted with Plaintiff's Opening Markman Brief, except that Plaintiff may also submit—with its Reply Brief—an expert declaration in response to any indefiniteness contentions made by Defendants in their Responsive Markman Brief. If Plaintiff submits expert testimony for the first time in its Reply Brief on any issue, Defendants may also submit—with a Sur-Reply Brief—an expert declaration in response.
- Any expert declaration from Defendants' expert submitted to support a proposed construction or position (including any indefiniteness contentions) will be submitted with Defendants' Responsive Markman Brief.
- All expert depositions are to occur after briefing is complete.

## V. Other Issues For A Prehearing Conference Prior To The Claim Construction Hearing

Pursuant to P.R. 4-3(e), the parties are unaware of any other issues that would be appropriate for a prehearing conference.

Dated: July 23, 2018

Respectfully submitted by:

**BROWN RUDNICK LLP**

*/s/ Alfred R. Fabricant*

Alfred R. Fabricant
N.Y. Bar No. 2219392
Email: afabricant@brownrudnick.com
Peter Lambrianakos
N.Y. Bar No. 2894392
Email: plambrianakos@brownrudnick.com
Vincent J. Rubino, III
N.Y. Bar No. 4557435
Email: vrubino@brownrudnick.com
Alessandra C. Messing
NY Bar No. 5040019
Email: amessing@brownrudnick.com
John A. Rubino
NY Bar No. 5020797
Email: jrubino@brownrudnick.com
Enrique W. Iturralde
NY Bar No. 5526280
Email: eiturralde@brownrudnick.com
Daniel J. Shea Jr
NY Bar No. 5430558
Email: dshea@brownrudnick.com
**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Telephone: 212-209-4800
Facsimile: 212-209-4801

Samuel F. Baxter
Texas Bar No. 01938000
Email: sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
Email: jtruelove@mckoolsmith.com

**McKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, Texas 75670
Telephone: 903-923-9000
Facsimile: 903-923-9099

***ATTORNEYS FOR PLAINTIFF, AGIS SOFTWARE DEVELOPMENT LLC***

*/s/ Nicholas H. Lee*
Mark Mann
SBN: 12926150
mark@themannfirm.com
G. Blake Thompson
SBN: 24042033
blake@themannfirm.com
MANN TINDEL THOMPSON
300 West Main Street
Henderson, Texas 75652
Tel: 903-657-8540

Michael A. Berta
Michael.berta@arnoldporter.com
Marisa Armanino Williams
Marisa.armanino@arnoldporter.com
ARNOLD & PORTER
KAYE SCHOLER LLP
Three Embarcadero Center
10th Floor
San Francisco, CA 94111-4024
Tel: 415-471-3277

James S. Blackburn
James.blackburn@arnoldporter.com
Nicholas H. Lee
Nicholas.lee@arnoldporter.com
ARNOLD & PORTER
KAYE SCHOLER LLP
777 South Figueroa Street
44th Floor
Los Angeles, CA 90017-5844
Tel: 213-243-4156

*ATTORNEYS FOR DEFENDANTS HUAWEI DEVICE USA INC., HUAWEI DEVICE CO., LTD. AND HUAWEI DEVICE (DONGGUAN) CO., LTD. AND LG ELECTRONICS INC.*

Kent E. Baldauf, Jr.
kbaldaufjr@webblaw.com
Bryan P. Clark

bclark@webblaw.com
THE WEBB LAW FIRM
One Gateway Center
420 Ft. Duquesne Blvd. Suite 1200
Pittsburgh, PA 15222
Tel: 412-471-8815

ATTORNEYS FOR DEFENDANTS HUAWEI DEVICE USA INC., HUAWEI DEVICE CO., LTD. AND HUAWEI DEVICE (DONGGUAN) CO., LTD.

*/s/ Kerri-Ann Limbeek*

Melissa Richards Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, TX 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
melissa@gillamsmithlaw.com

John M. Desmarais
Michael P. Stadnick
Ameet A. Modi
Kerri-Ann Limbeek
Brian Matty
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401
Email: jdesmarais@desmaraisllp.com
Email: mstadnick@desmaraisllp.com
Email: amodi@desmaraisllp.com
Email: klimbeek@desmaraisllp.com
Email: bmatty@desmaraisllp.com

*ATTORNEYS FOR APPLE INC.*

*/s/Miguel Bombach*

Matthew C. Bernstein, (Lead Attorney)
CA State Bar No. 199240
mbernstein@perkinscoie.com
Miguel J. Bombach
CA State Bar No. 274287

mbombach@perkinscoie.com
James Young Hurt (Pro Hac Vice)
CA State Bar No. 312390
jhurt@perkinscoie.com
PERKINS COIE LLP
11988 El Camino Real, Suite 350
San Diego, CA 92130-2594
Tel: (858) 720-5700
Fax: (858) 720-5799

Eric Findlay
State Bar No. 00789886
efindlay@findlaycraft.com
FINDLAY CRAFT, P.C.
102 N. College Ave., Suite 900
Tyler, TX 75702
Tel: (903) 534-1100
Fax: (903) 534-1137

*ATTORNEYS FOR DEFENDANT HTC CORPORATION*

*/s/Bradford Schulz*
Lionel M. Lavenue (Lead Attorney)
VA State Bar No. 49,005
Bradford C. Schulz
VA State Bar No. 91,057
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
Phone: (571) 203-2700
Fax: (202) 408-4400

*ATTORNEYS FOR DEFENDANTS ZTE (USA) Inc. and ZTE (TX), Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 23, 2018.

/s/ *Vincent J. Rubino, III*
Vincent J. Rubino, III