**Appendix 1 - Parties' Proposed Constructions and Supporting Evidence**

| Claim Term (Asserted Claim) | Plaintiff AGIS's Position and Supporting Evidence | Defendants' Position and Supporting Evidence |
|---|---|---|
| 1. "a data transmission means that facilitates the transmission of electronic files between said PDA/cell phones in different locations"<br><br>('970 Claim 1) | Governed by 35 U.S.C. § 112(6)<br><br>Function:  facilitating the transmission of electronic files between said PDA/cell phones in different locations<br><br>**Structure/Intrinsic Support**<br><br>Communication network server, '970 Patent at 1:39-43; 2:36-43; 4:1-36; Figs. 2, 3A, 3B, and 4.<br><br>AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[1]<br><br>**Extrinsic Support**<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, | Governed by 35 U.S.C. § 112(6)<br><br>Function: facilitating the transmission of electronic files between said PDA/cell phones in different locations<br><br>Indefinite under 35 U.S.C. § 112(b)<br><br>Structure: No sufficient corresponding structure disclosed.  To the extent any structure is disclosed, it is a general purpose PDA or cell phone for implementing an undisclosed algorithm.  The disclosures set forth at '970 Patent at 1:39-43; 2:36-43; 4:1-36; Figs. 2, 3A, 3B, and 4. '970 File History, Application 12/324,122, Claims, 2008-11-26 do not provide an algorithm that corresponds to the claimed function.<br><br>**Intrinsic Support**<br><br>*See, e.g.,* '970 Patent at 3:22-31, 3:41-43, 4:33-36, 4:47-49.<br><br>**Extrinsic Support** |

---

[1] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 11/612,830 filed on Dec. 19, 2006 which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006 which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490 now U.S. Pat. No. 7,031,728.

| | |
|---|---|
| IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088.<br><br>Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function. Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses. Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants | Defendants intend to rely on a sworn declaration of Chris Bartone[2] to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.<br><br>Defendants may also rely on Dr. Bartone to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert and witnesses.<br><br>Defendants also reserve the right to rely on positions and evidence relied upon by Plaintiff and its experts in the related IPR proceedings. |

---

[2] In addition, Defendants ZTE (USA), Inc.("ZTA")  and ZTE (TX) Inc. ("ZTX") intend to rely on a sworn declaration of Robert Akl to explain the technology, state of the art at the tiem of the invention, the level of ordinary skill in the relevant art, and the meaning of these claim elements to a person of ordinary skill in the art at the time of the alleged invention, including: (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.  Defendants ZTA and ZTE may also rely on Dr. Akl to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert and witnesses.

| | and its experts in the related IPR proceedings. | |
|---|---|---|
| 2. "means for attaching a forced message alert software packet to a voice or text message creating a forced message alert that is transmitted by said sender PDA/cell phone to the recipient PDA/cell phone, said forced message alert software packet containing a list of possible required responses"/ "means for attaching a forced message alert software packet to a voice or text message creating a forced message alert that is transmitted by said sender PDA/cell phone to the recipient PDA/cell phone"<br><br>('970 Claim 1) | Governed by 35 U.S.C. § 112(6)<br><br>Function: attaching a forced message alert software packet to a voice or text message creating a forced message alert that is transmitted by said sender PDA/cell phone to the recipient PDA/cell phone<br><br>**Structure/Intrinsic Support**<br><br>Algorithm set forth in Fig 2, 3A, 3B.  7:8-63.<br><br>AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[3]<br><br><br><br>**Extrinsic Support**<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, | Governed by 35 U.S.C. § 112(6)<br><br>Function: attaching a forced message alert software packet to a voice or text message creating a forced message alert that is transmitted by said sender PDA/cell phone to the recipient PDA/cell phone, said forced message alert software packet containing a list of possible required responses<br><br>Indefinite under 35 U.S.C. § 112(b)<br><br>Structure: No sufficient corresponding structure disclosed.  To the extent any structure is disclosed, it is a general purpose PDA or cell phone for implementing an undisclosed algorithm.  The disclosures set forth at '970 Patent at Fig 2, 3A, 3B. 7:8-63.  '970 File History, Application 12/324,122, Claims, 2008-11-26 do not provide an algorithm that corresponds to the claimed function.<br><br>**Intrinsic Support**<br><br>*See, e.g.,* '970 Patent at 3:22-31, 3:41-43, 4:33-36, 4:47-49. |

---

[3] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 11/612,830 filed on Dec. 19, 2006 which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006 which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490 now U.S. Pat. No. 7,031,728.

| | IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088.<br><br>Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function. Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses. Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings. | **Extrinsic Support**<br><br>Defendants intend to rely on a sworn declaration of Chris Bartone to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.<br><br>Defendants may also rely on Dr. Bartone to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert and witnesses.<br><br>Defendants also reserve the right to rely on positions and evidence relied upon by Plaintiff and its experts in the related IPR proceedings. |
|---|---|---|
| 3. "[means for. . .] requiring the forced message alert software on said recipient PDA/cell phone to transmit an automatic acknowledgment to the sender PDA/cell phone as soon as said | Plain Meaning - not Governed by 35 U.S.C. § 112(6)<br><br>AGIS reserves its right to challenge Defendants' contention that this term | Governed by 35 U.S.C. § 112(6)<br><br>Function: requiring the forced message alert software on said recipient PDA/cell phone to transmit an automatic acknowledgment to the |

4

| forced message alert is received by the recipient PDA/cell phone"<br><br>('970 Claim 1) | should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term provides sufficient structure.<br><br>In the alternative, AGIS identifies the following **structure/intrinsic support** corresponding to Defendants' proposed function: '970 Patent, Fig 4; 2:7-35; 8:16-62.<br><br>AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[4]<br><br>**Extrinsic Support**<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088. | sender PDA/cell phone as soon as said forced message alert is received by the recipient PDA/cell phone<br><br>Indefinite under 35 U.S.C. § 112(b)<br><br>Structure: No sufficient corresponding structure disclosed.  To the extent any structure is disclosed, it is a general purpose PDA or cell phone for implementing an undisclosed algorithm.  The disclosures set forth at 970 Patent, Fig 4; 2:7-35; 8:16-62. '970 File History, Application 12/324,122, Claims, 2008-11-26 do not provide an algorithm that corresponds to the claimed function.<br><br>**Intrinsic Support**<br><br>*See, e.g.,* '970 Patent at 3:22-31, 3:41-43, 4:33-36, 4:47-49.<br><br>**Extrinsic Support**<br><br>Defendants intend to rely on a sworn declaration of Chris Bartone to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art |

---

[4] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 11/612,830 filed on Dec. 19, 2006 which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006 which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490 now U.S. Pat. No. 7,031,728.

| | | |
|---|---|---|
| | Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings. | at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.<br><br>Defendants may also rely on Dr. Bartone to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert and witnesses.<br><br>Defendants also reserve the right to rely on positions and evidence relied upon by Plaintiff and its experts in the related IPR proceedings. |
| 4. "means for requiring a required manual response from the response list by the recipient in order to clear recipient's response list from recipient's cell phone display"<br><br>('970 Claim 1) | Governed by 35 U.S.C. § 112(6)<br><br>Function: requiring a required manual response from the response list by the recipient in order to clear recipient's response list from recipient's cell phone display<br><br>**Structure/Intrinsic Support** | Governed by 35 U.S.C. § 112(6)<br><br>Function: requiring a required manual response from the response list by the recipient in order to clear recipient's response list from recipient's cell phone display<br><br>Indefinite under 35 U.S.C. § 112(b)<br><br>Structure: No sufficient corresponding |

6

| | |
|---|---|
| Algorithm set forth in Figure 4 and 8:37-57; | structure disclosed.  To the extent any structure is disclosed, it is a general purpose PDA or cell phone for implementing an undisclosed algorithm.  The disclosures set forth at '970 Patent at Figure 4 and 8:16-57; 11:1-21. '970 File History, Application 12/324,122, Claims, 2008-11-26 do not provide an algorithm that corresponds to the claimed function. |
| AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[5] | |
| **Extrinsic Support** | **Intrinsic Support** |
| Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of | *See, e.g.,* '970 Patent at 3:22-31, 3:41-43, 4:33-36, 4:47-49. |
| | **Extrinsic Support** |
| | Defendants intend to rely on a sworn declaration of Chris Bartone to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure |

---

[5] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 11/612,830 filed on Dec. 19, 2006 which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006 which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490 now U.S. Pat. No. 7,031,728.

| | | |
|---|---|---|
| | Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088. | corresponding to the claimed function.<br><br>Defendants may also rely on Dr. Bartone to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert and witnesses.<br><br>Defendants also reserve the right to rely on positions and evidence relied upon by Plaintiff and its experts in the related IPR proceedings. |
| 5. "means for receiving and displaying a listing of which recipient PDA/cell phones have automatically acknowledged the forced message alert and which recipient PDA/cell phones have not automatically acknowledged the forced message alert"<br><br>('970 Claim 1) | Governed by 35 U.S.C. § 112(6)<br><br>Function: receiving and displaying a listing of which recipient PDA/cell phones have automatically acknowledged the forced message alert and which recipient PDA/cell phones have not automatically acknowledged the forced message alert<br><br>**Structure/Intrinsic Support**<br><br>PDA/cell phone hardware including touch screen 16, and wireless transmitter or cellular modem.  See, e.g., '970 Patent at col. 4:12-46.<br><br>AGIS notes that its investigation is ongoing and it expressly reserves the right | Governed by 35 U.S.C. § 112(6)<br><br>Function: receiving and displaying a listing of which recipient PDA/cell phones have automatically acknowledged the forced message alert and which recipient PDA/cell phones have not automatically acknowledged the forced message alert<br><br>Indefinite under 35 U.S.C. § 112(b)<br><br>Structure: No sufficient corresponding structure disclosed.  To the extent any structure is disclosed, it is a general purpose PDA or cell phone for implementing an undisclosed algorithm.  The disclosures set forth at '970 Patent at col. Figures 2, 3A, 3B, 6:38-7:4; 7:17-8:15 do not provide an |

| | |
|---|---|
| | to identify additional structure(s), act(s), or material(s) corresponding to this term.[6] |

algorithm that corresponds to the claimed function.

**Intrinsic Support**

*See, e.g.,* '970 Patent at 3:22-31, 3:41-43, 4:33-36, 4:47-49.

**Extrinsic Support**

Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.

**Extrinsic Support**

Defendants intend to rely on a sworn declaration of Chris Bartone to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.

Defendants may also rely on Dr. Bartone to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert and witnesses.

---

[6] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 11/612,830 filed on Dec. 19, 2006 which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006 which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490 now U.S. Pat. No. 7,031,728.

| | AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088. | Defendants also reserve the right to rely on positions and evidence relied upon by Plaintiff and its experts in the related IPR proceedings. |
| --- | --- | --- |
| 6. "means for periodically resending said forced message alert to said recipient PDA/cell phones that have not automatically acknowledged the forced message alert"<br><br>('970 Claim 1) | Governed by 35 U.S.C. § 112(6)<br><br>Function: periodically resending said forced message alert to said recipient PDA/cell phones that have not automatically acknowledged the forced message alert<br><br>**Structure/Intrinsic Support**<br><br>PDA/cell phone hardware including WiFi connectivity or a cellular modem. '970 Patent at col. 4:12-46<br><br>AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[7] | Governed by 35 U.S.C. § 112(6)<br><br>Function: periodically resending said forced message alert to said recipient PDA/cell phones that have not automatically acknowledged the forced message alert<br><br>Indefinite under 35 U.S.C. § 112(b)<br><br>Structure: No sufficient corresponding structure disclosed.  To the extent any structure is disclosed, it is a general purpose PDA or cell phone for implementing an undisclosed algorithm.  The disclosures set forth at '970 Patent at Figures 2, 3A, 3B, 6:38-7:4; 7:17-8:15 do not provide an algorithm that corresponds to the claimed function.<br><br>**Intrinsic Support** |

---

[7] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 11/612,830 filed on Dec. 19, 2006 which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006 which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490 now U.S. Pat. No. 7,031,728.

| | | |
|---|---|---|
| | **Extrinsic Support**<br><br>Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, | *See, e.g.,* '970 Patent at 3:22-31, 3:41-43, 4:33-36, 4:47-49.<br><br>**Extrinsic Support**<br><br>Defendants intend to rely on a sworn declaration of Chris Bartone to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.<br><br>Defendants may also rely on Dr. Bartone to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert and witnesses.<br><br>Defendants also reserve the right to rely on positions and evidence relied upon by Plaintiff and its experts in the related IPR proceedings. |

| | IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088. | |
|---|---|---|
| 7. "means for receiving and displaying a listing of which recipient PDA/cell phones have transmitted a manual response to said forced message alert and details the response from each recipient PDA/cell phone that responded"

('970 Claim 1) | Governed by 35 U.S.C. § 112(6)

Function: receiving and displaying a listing of which recipient PDA/cell phones have transmitted a manual response to said forced message alert and details the response from each recipient PDA/cell phone that responded

**Structure/Intrinsic Support**

PDA/cell phone hardware including touch screen 16, and wireless transmitter or cellular modem.  See, e.g., '970 Patent at col. 4:12-46.

AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[8]

**Extrinsic Support**

Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of | Governed by 35 U.S.C. § 112(6)

Function: receiving and displaying a listing of which recipient PDA/cell phones have automatically acknowledged the forced message alert and which recipient PDA/cell phones have not automatically acknowledged the forced message alert

Indefinite under 35 U.S.C. § 112(b)

Structure: No sufficient corresponding structure disclosed.  To the extent any structure is disclosed, it is a general purpose PDA or cell phone for implementing an undisclosed algorithm.  The disclosures set forth at '970 Patent at Figures 3A, 3B, 6:38-7:4; 7:17-8:15 do not provide an algorithm that corresponds to the claimed function.

**Intrinsic Support**

*See, e.g.,* '970 Patent at 3:22-31, 3:41-43, 4:33-36, 4:47-49.

**Extrinsic Support**

Defendants intend to rely on a sworn |

[8] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 11/612,830 filed on Dec. 19, 2006 which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006 which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490 now U.S. Pat. No. 7,031,728.

| | | |
|---|---|---|
| | ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088. | declaration of Chris Bartone to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.<br><br>Defendants may also rely on Dr. Bartone to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert and witnesses.<br><br>Defendants also reserve the right to rely on positions and evidence relied upon by Plaintiff and its experts in the related IPR proceedings. |
| 8. "a first device programmed to perform operations comprising:<br><br>[a] joining a communication network | Plain Meaning<br><br>AGIS reserves its right to challenge Defendants' contention that this term | Governed by 35 U.S.C. § 112(f); functions underlined in claim language<br><br>Indefinite under 35 U.S.C. § 112(b) |

| | | |
|---|---|---|
| corresponding to a group, wherein joining the communication network comprises transmitting a message including an identifier corresponding to the group; | should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term provides sufficient structure.<br><br>In the alternative, AGIS identifies the following **structure/intrinsic support**: *See, e.g.*, algorithm set forth in '838 Patent, Figs 1-10; 2:54-3:11; 3:12-24; 4:66-5:4; 5:5-5:16; 6:6-6:16; 7:44-7:62; 9:6-9:18; 9:40-9:55; 13:14-37; 13:46-13:50; 13:51-13:60; '838 File History, Application 14/299,978, Claims, 2014-10-31.<br><br>AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[9]<br><br>**Extrinsic Support**<br><br>Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of | Structure: No sufficient corresponding structure disclosed.  To the extent any structure is disclosed, it is a general purpose PDA or cell phone for implementing an undisclosed algorithm to perform the functionality described at Figures 2-5, 10:38-11:10; 3:43-4:8. |

[9] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed on Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

| | | |
|---|---|---|
| | ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088. | |

| | | |
|---|---|---|
| [b] participating in the group, wherein participating in the group includes sending first location information to a first server and receiving second location information from the first server, the first location information comprising a location of the first device, the second location information comprising one or more locations of one or more respective second devices included in the group; | AGIS may rely on the Wikipedia article for "Georeferencing." *See* Exhibit 1.<br><br>AGIS may also rely on *Georeferencing*, by Linda L. Hill (2006), The MIT Press, ISBN 978-0262083546, which will be made available for inspection.<br><br>Plain Meaning<br><br>AGIS reserves its right to challenge Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term provides sufficient structure.<br><br>In the alternative, AGIS identifies the following **structure/intrinsic support**: *See, e.g.*, algorithm set forth in '838 Patent, Figs 1-10; 2:54-3:11; 3:12-24; 4:66-5:4; 5:5-5:16; 6:6-6:16; 7:44-7:62; 9:6-9:18; 9:40-9:55; 13:14-37; 13:46-13:50; 13:51-13:60; '838 File History, Application 14/299,978, Claims, 2014-10-31.<br><br>AGIS notes that its investigation is ongoing and it expressly reserves the right | Indefinite under 35 U.S.C. § 112(b) Structure: No sufficient corresponding structure disclosed.  To the extent any structure is disclosed, it is a general purpose PDA or cell phone for implementing an undisclosed algorithm to perform the functionality described at Figures 8, 9, 13:14-37; 14:5-19. |

to identify additional structure(s), act(s), or material(s) corresponding to this term.[10]

**Extrinsic Support**

Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed

---

[10] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed on Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

| | | |
|---|---|---|
| | function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088.<br><br>AGIS may rely on the Wikipedia article for "Georeferencing." *See* Exhibit 1.<br><br>AGIS may also rely on *Georeferencing*, by Linda L. Hill (2006), The MIT Press, ISBN 978-0262083546, which will be made available for inspection. | |
| [c] presenting, via an interactive display of the first device, a first | Plain Meaning<br><br>AGIS reserves its right to challenge | Indefinite under 35 U.S.C. § 112(b)<br>Structure: none disclosed |

| | | |
|---|---|---|
| interactive, georeferenced map and a first set of one or more user-selectable symbols corresponding to a first set of one or more of the second devices, wherein the first set of symbols are positioned on the first georeferenced map at respective positions corresponding to the locations of the first set of second devices, and wherein first georeferenced map data relate positions on the first georeferenced map to spatial coordinates; | Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term provides sufficient structure.  In the alternative, AGIS identifies the following **structure/intrinsic support**: *See, e.g.*, '838 Patent, Figs 1-10; 5:22-6:5; 6:6-6:15; 6:16-6:50; 6:51-6:67; 7:1-7:23; 7:24-7:43; 7:44-7:62; 7:63-8:31; 8:35-8:55; 8:56-9:05; 9:6-9:18; 13:51-13:60; 13:61-14:4.  '838 File History, Application 14/299,978, Claims, 2014-10-31.  AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[11]  **Extrinsic Support**  Plaintiff intends to rely on a sworn | |

---

[11] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed on Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.

AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082,

| | | |
|---|---|---|
| [d] sending, to a second server, a request for second georeferenced map data different from the first georeferenced map data; | IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088.<br><br>AGIS may rely on the Wikipedia article for "Georeferencing." *See* Exhibit 1.<br><br>AGIS may also rely on *Georeferencing*, by Linda L. Hill (2006), The MIT Press, ISBN 978-0262083546, which will be made available for inspection.<br><br><br><br>Plain meaning<br><br>AGIS reserves its right to challenge Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term provides sufficient structure.<br><br>In the alternative, AGIS identifies the following **structure/intrinsic support**: *See, e.g.*, '838 Patent, Figs 1-10; 5:22-6:5; 6:6-6:15; 6:16-6:50; 6:51-6:67; 7:1-7:23; 7:24-7:43; 7:44-7:62; 7:63-8:31; 8:35-8:55; 8:56-9:05; 9:6-9:18; 13:51-13:60; 13:61-14:4.  '838 File History, Application | Indefinite under 35 U.S.C. § 112(b) Structure: none disclosed |

14/299,978, Claims, 2014-10-31.

AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[12]

**Extrinsic Support**

Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of

---

[12] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed on Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

|  | ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088.<br><br>AGIS may rely on the Wikipedia article for "Georeferencing." *See* Exhibit 1.<br><br>AGIS may also rely on *Georeferencing*, by Linda L. Hill (2006), The MIT Press, ISBN 978-0262083546, which will be made available for inspection. |  |

| | | |
|---|---|---|
| [e] receiving, from the second server, the second georeferenced map data; | Plain Meaning

AGIS reserves its right to challenge Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term provides sufficient structure.

In the alternative, AGIS identifies the following **structure/intrinsic support**: *See, e.g.*, '838 Patent, Figs 1-10; 5:22-6:5; 6:6-6:15; 6:16-6:50; 6:51-6:67; 7:1-7:23; 7:24-7:43; 7:44-7:62; 7:63-8:31; 8:35-8:55; 8:56-9:05; 9:6-9:18; 13:51-13:60; 13:61-14:4.  '838 File History, Application 14/299,978, Claims, 2014-10-31.

AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[13] | Indefinite under 35 U.S.C. § 112(b) Structure: none disclosed |

---

[13] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

**Extrinsic Support**

Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.

AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818,

| | | |
|---|---|---|
| | IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088.<br><br>AGIS may rely on the Wikipedia article for "Georeferencing." *See* Exhibit 1.<br><br>AGIS may also rely on *Georeferencing*, by Linda L. Hill (2006), The MIT Press, ISBN 978-0262083546, which will be made available for inspection. | |
| [f] presenting, via the interactive display of the first device, a second georeferenced map and a second set of one or more user-selectable symbols corresponding to a second set of one or more of the second devices, wherein the second set of symbols are positioned on the second georeferenced map at respective positions corresponding to the locations of the second set of second devices, and wherein the second georeferenced map data relate positions on the second georeferenced map to spatial coordinates; and | Plain Meaning<br><br>AGIS reserves its right to challenge Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term provides sufficient structure.<br><br>In the alternative, AGIS identifies the following **structure/intrinsic support**: *See, e.g.*, '838 Patent, Figs 1-10; 5:22-6:5; 6:6-6:15; 6:16-6:50; 6:51-6:67; 7:1-7:23; 7:24-7:43; 7:44-7:62; 7:63-8:31; 8:35-8:55; 8:56-9:05; 9:6-9:18; 13:51-13:60; 13:61- | Indefinite under 35 U.S.C. § 112(b) Structure: none disclosed |

14:4.  '838 File History, Application 14/299,978, Claims, 2014-10-31.

AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[14]

**Extrinsic Support**

Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name

---

[14] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed on Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.

AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088.

AGIS may rely on the Wikipedia article for "Georeferencing." *See* Exhibit 1.

AGIS may also rely on *Georeferencing*, by Linda L. Hill (2006), The MIT Press, ISBN 978-0262083546, which will be made

| | | |
|---|---|---|
| | available for inspection. | |
| [g] <u>identifying user interaction with the interactive display selecting one or more of the second set of user-selectable symbols corresponding to one or more of the second devices and positioned on the second georeferenced map and user interaction with the display specifying an action and, based thereon, sending third data to the selected one or more second devices via the first server."</u><br><br>('838 Claim 54) | **Plain Meaning**<br><br>AGIS reserves its right to challenge Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6. AGIS contends that the claim term provides sufficient structure.<br><br>In the alternative, AGIS identifies the following **structure/intrinsic support**:<br>*See, e.g.,* algorithm set forth in '838 Patent, Figs 1-10; 5:22-6:5; 6:6-6:15; 6:16-6:50; 6:51-6:67; 7:1-7:23; 7:24-7:43; 7:44-7:62; 7:63-8:31; 8:35-8:55; 8:56-9:05; 9:6-9:18; 13:51-13:60; 13:61-14:4; '838 File History, Application 14/299,978, Claims, 2014-10-31.<br><br>AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[15] | Indefinite under 35 U.S.C. § 112(b) Structure: No sufficient corresponding structure disclosed. To the extent any structure is disclosed, it is a general purpose PDA or cell phone for implementing an undisclosed algorithm to perform the functionality described at 8:56-9:18.<br><br>**Intrinsic Support**<br><br>*See, e.g.,* '838 Patent at 1:34-43, 2:49-53, 4:66-5:4, 5:31-33, 5:40-47, 5:50-56, 6:6-7, 6:61-67, 7:44-50;<br><br>'728 Patent at 8:45–50, 7:31–37, 10:40–46, claims 3, 10;<br><br>'681 Patent at 4:63–64, 6:24–31, 7:14–19, claims 5, 9.<br><br>**Extrinsic Support** |

[15] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

| | | Defendants intend to rely on a sworn declaration of Chris Bartone to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function. |
| | **Extrinsic Support** | Defendants may also rely on Dr. Bartone to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert and witnesses. |
| | Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR | Defendants also reserve the right to rely on positions and evidence relied upon by Plaintiff and its experts in the related IPR proceedings. |

| | proceedings.<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088.<br><br>AGIS may rely on the Wikipedia article for "Georeferencing." *See* Exhibit 1.<br><br>AGIS may also rely on *Georeferencing*, by Linda L. Hill (2006), The MIT Press, ISBN 978-0262083546, which will be made available for inspection. | |
|---|---|---|
| 9. "a first device programmed to perform operations comprising:<br><br>[a] <u>receiving a message from a second device, wherein the message relates to joining a group;</u> | Plain Meaning<br><br>AGIS reserves its right to challenge Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term provides sufficient structure.<br><br>In the alternative, AGIS identifies the following **<u>structure/intrinsic support</u>**: | Governed by 35 U.S.C. § 112(f); functions underlined in claim language<br><br>Indefinite under 35 U.S.C. § 112(b)<br>Structure: none disclosed |

*See, e.g.*, '251 Patent, Figs 1-10; 5:7-12; 5:13-24; 6:14-23; 7:9-31; 8:4-39; 8:40-42; 10:18-34; 10:35-45; 10:46-60; 10:61-11:18; 12:1-11; 12:12-14; 12:42-55; 13:21-44.  '251 File History, Application 14/633,804, Claims, 2015-02-27.

AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[16]

**Extrinsic Support**

Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person

---

[16] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including: U.S. patent application Ser. No. 14/529,978 filed on Oct. 31, 2014, which is a continuation-in-part of U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, now U.S. Pat. No. 8,880,042, issued Nov. 4, 2014, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed on Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.

AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088.

AGIS may rely on the Wikipedia article for

| | | |
|---|---|---|
| | "Georeferencing." *See* Exhibit 1.<br><br>AGIS may also rely on *Georeferencing*, by Linda L. Hill (2006), The MIT Press, ISBN 978-0262083546, which will be made available for inspection. | |
| [b] <u>based on receiving the message from the second device, participating in the group, wherein participating in the group includes sending first location information to a server and receiving second location information from the server, the first location information comprising a location of the first device, the second location information comprising a plurality of locations of a respective plurality of second devices included in the group;</u> | Plain Meaning<br><br>AGIS reserves its right to challenge Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term provides sufficient structure.<br><br>In the alternative, AGIS identifies the following **structure/intrinsic support**: *See, e.g.*, '251 Patent, Figs 1-10; 2:57-3:14; 3:15-27; 3:45-4:14; 5:13-21; 8:43-63; 9:14-26; 9:48-63; 10:61-11:18; 13:21-44; 13:53-57; 13:58-67; 14:1-11; 14:12-26; 14:27-51. '251 File History, Application 14/633,804, Claims, 2015-02-27.<br><br>AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[17] | Indefinite under 35 U.S.C. § 112(b)<br>Structure: none disclosed |

---

[17] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including: U.S. patent application Ser. No. 14/529,978 filed on Oct. 31, 2014, which is a continuation-in-part of U.S. patent

**Extrinsic Support**

Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of

---

application Ser. No. 14/027,410 filed on Sep. 16, 2013, now U.S. Pat. No. 8,880,042, issued Nov. 4, 2014, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed on Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

| | | |
|---|---|---|
| | Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088.<br><br>AGIS may rely on the Wikipedia article for "Georeferencing." *See* Exhibit 1.<br><br>AGIS may also rely on *Georeferencing*, by Linda L. Hill (2006), The MIT Press, ISBN 978-0262083546, which will be made available for inspection. | |
| [c] <u>presenting, via an interactive display of the first device, a first interactive, georeferenced map and a plurality of user-selectable symbols corresponding to the plurality of</u> | Plain Meaning<br><br>AGIS reserves its right to challenge Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term | Indefinite under 35 U.S.C. § 112(b)<br>Structure: none disclosed |

| | | |
|---|---|---|
| second devices, wherein the symbols are positioned on the first georeferenced map at respective positions corresponding to the locations of the second devices, and wherein the first georeferenced map includes data relating positions on the first georeferenced map to spatial coordinates; | provides sufficient structure.<br><br>In the alternative, AGIS identifies the following **structure/intrinsic support**: *See, e.g.*, '251 Patent, Figs 1-10; 2:57-3:14; 3:15-27; 3:39-45; 5:30-6:13; 6:14-23; 6:24-58; 6:59-7:8; 7:9-31; 7:32-51; 7:52-8:3; 8:4-39; 8:43-63; 8:64-9:13; 12:56-64. '251 File History, Application 14/633,804, Claims, 2015-02-27.<br><br>AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[18]<br><br><br><br>**Extrinsic Support**<br><br>Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to | |

[18] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including: U.S. patent application Ser. No. 14/529,978 filed on Oct. 31, 2014, which is a continuation-in-part of U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, now U.S. Pat. No. 8,880,042, issued Nov. 4, 2014, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed on Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.

AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084,

| | | |
|---|---|---|
| [d] sending, from the first device to the server, a request for a second georeferenced map different from the first georeferenced map, wherein the request specifies a map location; | IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088.<br><br>AGIS may rely on the Wikipedia article for "Georeferencing." *See* Exhibit 1.<br><br>AGIS may also rely on *Georeferencing*, by Linda L. Hill (2006), The MIT Press, ISBN 978-0262083546, which will be made available for inspection.<br><br><br>Plain Meaning<br><br>AGIS reserves its right to challenge Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term provides sufficient structure.<br><br>In the alternative, AGIS identifies the following **structure/intrinsic support**: *See, e.g.*, '251 Patent, Figs 1-10; 2:57-3:14; 3:15-27; 3:39-45; 5:30-6:13; 6:14-23; 6:24-58; 6:59-7:8; 7:9-31; 7:32-51; 7:52-8:3; 8:4-39; 8:43-63; 8:64-9:13; 12:56-64. '251 File History, Application 14/633,804, Claims, 2015-02-27.<br><br>AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or | Indefinite under 35 U.S.C. § 112(b)<br>Structure: none disclosed |

|  | material(s) corresponding to this term.[19]<br><br><br>**Extrinsic Support**<br><br>Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. |  |
| --- | --- | --- |

---

[19] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including: U.S. patent application Ser. No. 14/529,978 filed on Oct. 31, 2014, which is a continuation-in-part of U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, now U.S. Pat. No. 8,880,042, issued Nov. 4, 2014, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed on Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

| | | |
|---|---|---|
| | Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.

AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088.

AGIS may rely on the Wikipedia article for "Georeferencing." *See* Exhibit 1.

AGIS may also rely on *Georeferencing*, by Linda L. Hill (2006), The MIT Press, ISBN 978-0262083546, which will be made available for inspection. | |
| [e] receiving, from the server, the second georeferenced map, wherein the second georeferenced map includes the requested location and data relating | Plain Meaning

AGIS reserves its right to challenge Defendants' contention that this term | Indefinite under 35 U.S.C. § 112(b) Structure: none disclosed |

| | | |
|---|---|---|
| positions on the second georeferenced map to spatial coordinates; | should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term provides sufficient structure.<br><br>In the alternative, AGIS identifies the following **structure/intrinsic support**: *See, e.g.,* '251 Patent, Figs 1-10; 2:57-3:14; 3:15-27; 3:39-45; 5:30-6:13; 6:14-23; 6:24-58; 6:59-7:8; 7:9-31; 7:32-51; 7:52-8:3; 8:4-39; 8:43-63; 8:64-9:13; 12:56-64.  '251 File History, Application 14/633,804, Claims, 2015-02-27.<br><br>AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[20]<br><br><br><br>**Extrinsic Support** | |

---

[20] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including: U.S. patent application Ser. No. 14/529,978 filed on Oct. 31, 2014, which is a continuation-in-part of U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, now U.S. Pat. No. 8,880,042, issued Nov. 4, 2014, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed on Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

|  | Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, |  |
| --- | --- | --- |

| | | |
|---|---|---|
| | IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088.<br><br>AGIS may rely on the Wikipedia article for "Georeferencing." *See* Exhibit 1.<br><br>AGIS may also rely on *Georeferencing*, by Linda L. Hill (2006), The MIT Press, ISBN 978-0262083546, which will be made available for inspection. | |
| [f] <u>presenting, via the interactive display of the first device, the second georeferenced map and the plurality of user-selectable symbols corresponding to the plurality of second devices, wherein the symbols are positioned on the second georeferenced map at respective positions corresponding to the locations of the second devices; and</u> | Plain Meaning<br><br>AGIS reserves its right to challenge Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term provides sufficient structure.<br><br>In the alternative, AGIS identifies the following **structure/intrinsic support**: *See, e.g.*, '251 Patent, Figs 1-10; 2:57-3:14; 3:15-27; 3:39-45; 5:30-6:13; 6:14-23; 6:24-58; 6:59-7:8; 7:9-31; 7:32-51; 7:52-8:3; 8:4-39; 8:43-63; 8:64-9:13; 12:56-64. '251 File History, Application 14/633,804, Claims, 2015-02-27.<br><br>AGIS notes that its investigation is | Indefinite under 35 U.S.C. § 112(b)<br>Structure: none disclosed |

ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[21]

**Extrinsic Support**

Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand

---

[21] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including: U.S. patent application Ser. No. 14/529,978 filed on Oct. 31, 2014, which is a continuation-in-part of U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, now U.S. Pat. No. 8,880,042, issued Nov. 4, 2014, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed on Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

|  | the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088.<br><br>AGIS may rely on the Wikipedia article for "Georeferencing." *See* Exhibit 1.<br><br>AGIS may also rely on *Georeferencing*, by Linda L. Hill (2006), The MIT Press, ISBN 978-0262083546, which will be made available for inspection. |  |

| | | |
|---|---|---|
| [g] <u>identifying user interaction with the interactive display selecting one or more of the user-selectable symbols corresponding to one or more of the second devices and positioned on the second georeferenced map and user interaction with the display specifying an action and, based thereon, using an Internet Protocol to send data to the one or more second devices via the server.</u>" <br><br> ('251 Claim 24) | Plain Meaning <br><br> AGIS reserves its right to challenge Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term provides sufficient structure. <br><br> In the alternative, AGIS identifies the following **structure/intrinsic support**: *See, e.g.*, algorithm set forth in '251 Patent, Figs 1-10; 2:57-3:14; 3:15-27; 3:39-45; 5:30-6:13; 6:14-23; 6:24-58; 6:59-7:8; 7:9-31; 7:32-51; 7:52-8:3; 8:4-39; 8:43-63; 8:64-9:13; 12:56-64; '251 File History, Application 14/633,804, Claims, 2015-02-27. <br><br> AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[22] | Indefinite under 35 U.S.C. § 112(b) Structure: No sufficient corresponding structure disclosed.  To the extent any structure is disclosed, it is a general purpose PDA or cell phone for implementing an undisclosed algorithm to perform the functionality described at 8:64-9:26 <br><br> **Intrinsic Support** <br><br> *See, e.g.,* '251 Patent at 1:37-46, 2:52-56, 5:7-12, 5:39-41, 5:48-55, 5:58-64, 6:14-15, 7:2-8, 7:52-58; <br><br> '728 Patent at 8:45–50, 7:31–37, 10:40–46, claims 3, 10; <br><br> '681 Patent at 4:63–64, 6:24–31, 7:14–19, claims 5, 9. <br><br> **Extrinsic Support** <br><br> Defendants intend to rely on a sworn declaration of Chris Bartone to explain the |

[22] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including: U.S. patent application Ser. No. 14/529,978 filed on Oct. 31, 2014, which is a continuation-in-part of U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, now U.S. Pat. No. 8,880,042, issued Nov. 4, 2014, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

**Extrinsic Support**

Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.

AGIS may rely on papers and/or

technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.

Defendants may also rely on Dr. Bartone to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert and witnesses.

Defendants also reserve the right to rely on positions and evidence relied upon by Plaintiff and its experts in the related IPR proceedings.

| | declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088.<br><br>AGIS may rely on the Wikipedia article for "Georeferencing." *See* Exhibit 1.<br><br>AGIS may also rely on *Georeferencing*, by Linda L. Hill (2006), The MIT Press, ISBN 978-0262083546, which will be made available for inspection. | |
|---|---|---|
| 10. "a first device programmed to perform operations comprising: . . .<br><br>identifying second user interaction with the interactive display selecting at least one of the user-selectable symbols corresponding to at least one of the second devices and user interaction with the display specifying an action and, based thereon, initiating a phone call or phone conference with the at least one second device"<br><br>('251 Claim 29) | Plain meaning<br><br>AGIS reserves its right to challenge Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term provides sufficient structure.<br><br>In the alternative, AGIS identifies the following **structure/intrinsic support**: *See, e.g.*, algorithm set forth in '251 Patent, Figs 5-7; 2:57-3:14; 3:15-27; 3:39-45; 5:30-6:13; 6:14-23; 6:24-58; 6:59-7:8; 7:9-31; 7:32-51; 7:52-8:3; 8:4-39; 8:43-63; 8:64-9:13; 12:56-64; '251 File History, | Governed by 35 U.S.C. § 112(f); functions underlined in claim language<br><br>Indefinite under 35 U.S.C. § 112(b) Structure: No sufficient corresponding structure disclosed.  To the extent any structure is disclosed, it is a general purpose PDA or cell phone for implementing an undisclosed algorithm to perform the functionality described at 8:64-9:26<br><br>**Intrinsic Support**<br><br>*See, e.g.,* '251 Patent at 1:37-46, 2:52-56, 5:7-12, 5:58-64, 6:14-15. |

| | | |
|---|---|---|
| | Application 14/633,804, Claims, 2015-02-27.<br><br>AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[23]<br><br><br><br>**Extrinsic Support**<br><br>Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a | **Extrinsic Support**<br><br>Defendants intend to rely on a sworn declaration of Chris Bartone to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.<br><br>Defendants may also rely on Dr. Bartone to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert and witnesses.<br><br>Defendants also reserve the right to rely on positions and evidence relied upon by Plaintiff and its experts in the related IPR proceedings. |

[23] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including: U.S. patent application Ser. No. 14/529,978 filed on Oct. 31, 2014, which is a continuation-in-part of U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, now U.S. Pat. No. 8,880,042, issued Nov. 4, 2014, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

| | sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088. | |
|---|---|---|
| 11. "a first device programmed to perform operations comprising: . . .<br><br><u>sending first status information to the server and receiving second status information from the server, the first status information comprising a battery level of the first device, a signal strength of a wireless signal of the first</u> | Plain Meaning<br><br>AGIS reserves its right to challenge Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term provides sufficient structure. | Governed by 35 U.S.C. § 112(f); functions underlined in claim language<br><br>Indefinite under 35 U.S.C. § 112(b)<br>Structure: none disclosed<br><br>**Intrinsic Support**<br><br>*See, e.g.,* '251 Patent at 1:37-46, 2:52-56, 5:7- |

| | | |
|---|---|---|
| device, a status of a Global Positioning Satellite (GPS) receiver of the first device, or a combination thereof, the second location information comprising a plurality of battery levels of the respective plurality of second devices included in the group, a plurality of signal strengths of wireless signals of the respective plurality of second devices included in the group, a plurality of statuses of GPS receivers of the respective plurality of second devices included in the group, or a combination thereof."<br><br>('251 Claim 31) | In the alternative, AGIS identifies the following **structure/intrinsic support**: *See, e.g.*, '251 Patent, Figs 1-7; 2:57-3:14; 3:46-4:14; 5:30-6:13; 6:24-58; 8:4-39; 9:48-63; 13:45-52; 13:53-57: 13:58-67. '251 File History, Application 14/633,804, Claims, 2015-02-27.<br><br>AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[24]<br><br><br><br>**Extrinsic Support**<br><br>Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the | 12, 5:58-64, 6:14-15.<br><br>**Extrinsic Support**<br><br>Defendants intend to rely on a sworn declaration of Chris Bartone to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.<br><br>Defendants may also rely on Dr. Bartone to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert and witnesses.<br><br>Defendants also reserve the right to rely on positions and evidence relied upon by |

---

[24] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including: U.S. patent application Ser. No. 14/529,978 filed on Oct. 31, 2014, which is a continuation-in-part of U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, now U.S. Pat. No. 8,880,042, issued Nov. 4, 2014, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

| | | |
|---|---|---|
| | meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088. | Plaintiff and its experts in the related IPR proceedings. |
| 12. "a first device programmed to perform operations comprising: | Plain Meaning<br><br>AGIS reserves its right to challenge | Governed by 35 U.S.C. § 112(f); functions underlined in claim language |

| [a] obtaining contact information of a plurality of second devices, wherein the contact information comprises respective telephone numbers of the second devices; | Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term provides sufficient structure.<br><br>In the alternative, AGIS identifies the following **structure/intrinsic support**: *See, e.g.*, '055 Patent, Figs 1-10; 3:10-4:32; 5:16-6:13; 6:49-6:65; 7:21-8:27; 17:28-18:7. '055 File History, Application 14/695,233, Claims, 2015-04-24.<br><br>AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[25]<br><br><br><br>**Extrinsic Support**<br><br>Plaintiff intends to rely on a sworn | Indefinite under 35 U.S.C. § 112(b) Structure: No sufficient corresponding structure disclosed.  To the extent any structure is disclosed, it is a general purpose PDA or cell phone for implementing an undisclosed algorithm to perform the functionality described at Figures 2-6, 10:38-11:10; 11:35-43; 8:64-9:26. |

---

[25] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 14/529,978 filed on Oct. 31, 2014, which is a continuation-in-part of U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, now U.S. Pat. No. 8,880,042, issued Nov. 4, 2014, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed on Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.

AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084,

| | IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088. | |
|---|---|---|
| [b] facilitating initiation of Internet Protocol (IP) based communication between the first device and the respective second devices by using the respective telephone numbers to send, from the first device to the second devices, respective Short Message Service (SMS) messages including a telephone number of the first device and information usable by the respective second device to send IP-based communication to the first device; | **Plain Meaning**<br><br>AGIS reserves its right to challenge Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term provides sufficient structure.<br><br>Nonetheless, pursuant to P.R. 4-2(a), AGIS identifies the following exemplary "structure(s), act(s), or material(s)" that may correspond to this term:  *See, e.g.*, '055 Patent, Figs 1-10; 3:10-4:32; 5:16-6:13; 6:49-6:65; 13:50-60; 17:28-18:7. '055 File History, Application 14/695,233, Claims, 2015-04-24.<br><br>AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[26] | Indefinite under 35 U.S.C. § 112(b) Structure: No sufficient corresponding structure disclosed.  To the extent any structure is disclosed, it is a general purpose PDA or cell phone for implementing an undisclosed algorithm to perform the functionality described at 4:39-56. |

---

[26] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 14/529,978 filed on Oct. 31, 2014, which is a continuation-in-part of U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, now U.S. Pat. No. 8,880,042, issued Nov. 4, 2014, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No.

**Extrinsic Support**

Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions

11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

| | | |
|---|---|---|
| | and evidence relied upon by Defendants and its experts in the related IPR proceedings.<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088. | |
| [c] <u>receiving respective IP-based responses to the SMS messages, wherein the IP-based responses to the SMS messages include location information of the respective second devices;</u> | Plain Meaning<br><br>AGIS reserves its right to challenge Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term provides sufficient structure.<br><br>In the alternative, AGIS identifies the following **structure/intrinsic support**: *See, e.g.*, '055 Patent, Figs 1-10; 3:10-4:32; 5:16-6:65; 7:41-8:27; 13:50-60; 17:28-18:7. '055 File History, Application 14/695,233, Claims, 2015-04-24.<br><br>AGIS notes that its investigation is ongoing and it expressly reserves the right | Indefinite under 35 U.S.C. § 112(b)<br>Structure: none disclosed |

|  | to identify additional structure(s), act(s), or material(s) corresponding to this term.[27]<br><br><br>**Extrinsic Support**<br><br>Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient |  |
|---|---|---|

---

[27] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 14/529,978 filed on Oct. 31, 2014, which is a continuation-in-part of U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, now U.S. Pat. No. 8,880,042, issued Nov. 4, 2014, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed on Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

| | | |
|---|---|---|
| | structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088 | |
| [d] <u>transmitting IP-based messages including a location of the first device to the respective second devices;</u> | Plain Meaning<br><br>AGIS reserves its right to challenge Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term provides sufficient structure.<br><br>In the alternative, AGIS identifies the following **structure/intrinsic support**: | Indefinite under 35 U.S.C. § 112(b)<br>Structure: none disclosed |

*See, e.g.*, '055 Patent, Figs 1-10; 3:10-4:32; 5:16-6:65; 7:41-8:27; 13:50-60; 17:28-18:7. '055 File History, Application 14/695,233, Claims, 2015-04-24.

AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[28]

**<u>Extrinsic Support</u>**

Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would

---

[28] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 14/529,978 filed on Oct. 31, 2014, which is a continuation-in-part of U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, now U.S. Pat. No. 8,880,042, issued Nov. 4, 2014, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed on Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

| | | |
|---|---|---|
| | understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings. <br><br> AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088 | |
| [e] presenting, via an interactive display of the first device, an interactive map and a plurality of user selectable symbols corresponding to the plurality of second devices, wherein | Plain Meaning <br><br> AGIS reserves its right to challenge Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ | Indefinite under 35 U.S.C. § 112(b) Structure: none disclosed |

| | | |
|---|---|---|
| the symbols are positioned on the map at respective positions corresponding to the respective locations of the second devices; | 6.  AGIS contends that the claim term provides sufficient structure.<br><br>In the alternative, AGIS identifies the following **structure/intrinsic support**: *See, e.g.*, '055 Patent, Figs 1-10; 3:10-4:32; 5:16-6:65; 7:41-8:27; 8:51-9:13; 17:28-18:7. '055 File History, Application 14/695,233, Claims, 2015-04-24.<br><br>AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[29]<br><br><br><br>**Extrinsic Support**<br><br>Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at | |

[29] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 14/529,978 filed on Oct. 31, 2014, which is a continuation-in-part of U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, now U.S. Pat. No. 8,880,042, issued Nov. 4, 2014, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed on Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.

AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088

| | | |
|---|---|---|
| [f] <u>identifying user interaction with the interactive display selecting one or more of the user-selectable symbols corresponding to one or more of the second devices and user interaction with the display specifying an action and, based thereon, sending data to the one or more second devices;</u> | Plain Meaning<br><br>AGIS reserves its right to challenge Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term provides sufficient structure.<br><br>In the alternative, AGIS identifies the following **structure/intrinsic support**: *See, e.g.*, algorithm set forth in '055 Patent, Figs 1-10; 3:10-4:32; 5:16-6:65; 7:41-8:27; 17:28-18:7. '055 File History, Application 14/695,233, Claims, 2015-04-24.<br><br>AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[30] | Indefinite under 35 U.S.C. § 112(b)<br>Structure: No sufficient corresponding structure disclosed.  To the extent any structure is disclosed, it is a general purpose PDA or cell phone for implementing an undisclosed algorithm to perform the functionality described at 8:51-9:12 |

---

[30] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 14/529,978 filed on Oct. 31, 2014, which is a continuation-in-part of U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, now U.S. Pat. No. 8,880,042, issued Nov. 4, 2014, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

**Extrinsic Support**

Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.

AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821,

| | IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088 | |
|---|---|---|
| [g] receiving user input via user interaction with the interactive display of the first device, the user input specifying a location and a symbol corresponding to an entity other than the first device and the second devices; | Plain Meaning<br><br>AGIS reserves its right to challenge Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term provides sufficient structure.<br><br>In the alternative, AGIS identifies the following **structure/intrinsic support**: *See, e.g.*, '055 Patent, Figs 1-10; 3:10-4:32; 5:16-6:65; 7:41-8:27; 17:28-18:7. '055 File History, Application 14/695,233, Claims, 2015-04-24.<br><br>AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[31] | Indefinite under 35 U.S.C. § 112(b) Structure: none disclosed |

[31] AGIS reserves the right to identify additional structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 14/529,978 filed on Oct. 31, 2014, which is a continuation-in-part of U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, now U.S. Pat. No. 8,880,042, issued Nov. 4, 2014, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed on Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

**Extrinsic Support**

Plaintiff intends to rely on a sworn
declaration of Dr. Jaime G. Carbonell to
explain the technology, state of the art at
the time of the invention, the level of
ordinary skill in the relevant art, and the
meaning of this claim element to a person
of ordinary skill in the art at the time of the
alleged invention, including (1) whether a
person of ordinary skill in the art would
understand the claim term to have a
sufficiently definite meaning as the name
for structure and (2) whether a person of
ordinary skill in the art would understand
the specification to disclose sufficient
structure corresponding to the claimed
function.  Plaintiff may also rely on Dr.
Carbonell to respond to Defendants' claim
construction positions and any testimony of
Defendants' expert and witnesses.  Plaintiff
also reserves the right to rely on positions
and evidence relied upon by Defendants
and its experts in the related IPR

| | proceedings.<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088 | |
|---|---|---|
| [h] <u>based on the user input, adding the user-specified symbol to the interactive display at a position on the interactive map corresponding to the user-specified location, and</u> | **Plain Meaning**<br><br>AGIS reserves its right to challenge Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term provides sufficient structure.<br><br>In the alternative, AGIS identifies the following **structure/intrinsic support**: *See, e.g.*, algorithm set forth in '055 Patent, Figs 1-10; 3:10-4:32; 5:16-6:65; 7:41-8:27; 17:28-18:7. '055 File History, Application 14/695,233, Claims, 2015-04-24.<br><br>AGIS notes that its investigation is ongoing and it expressly reserves the right | Indefinite under 35 U.S.C. § 112(b)<br>Structure: none disclosed |

|  | to identify additional structure(s), act(s), or material(s) corresponding to this term.[32]<br><br><br>**Extrinsic Support**<br><br>Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed |  |

---

[32] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 14/529,978 filed on Oct. 31, 2014, which is a continuation-in-part of U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, now U.S. Pat. No. 8,880,042, issued Nov. 4, 2014, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed on Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

| | | |
|---|---|---|
| | function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088 | |
| [i] <u>transmitting the user-specified symbol and location to the second devices for addition of the user-specified symbol to respective interactive displays of the second devices at respective positions on respective interactive maps corresponding to the user-specified location.</u>"<br><br>('055 Claim 28) | Plain Meaning<br><br>AGIS reserves its right to challenge Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term provides sufficient structure.<br><br>In the alternative, AGIS identifies the following **structure/intrinsic support**: *See, e.g.*, '055 Patent, Figs 1-10; 3:10-4:32; | Indefinite under 35 U.S.C. § 112(b)<br>Structure: none disclosed<br><br>**Intrinsic Support**<br><br>*See, e.g.,* '055 Patent at 1:37-44, 2:48-52, 4:65-5:3, 5:30-32, 5:38-45, 5:49-54, 6:4-5, 6:58-65, 7:41-47;<br><br>'728 Patent at 8:45–50, 7:31–37, 10:40–46, claims 3, 10;<br><br>'681 Patent at 4:63–64, 6:24–31, 7:14–19, claims 5, 9. |

| | |
|---|---|
| 5:16-6:65; 7:41-8:27; 17:28-18:7. '055 File History, Application 14/695,233, Claims, 2015-04-24.<br><br>AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[33]<br><br><br><br>**Extrinsic Support**<br><br>Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a | **Extrinsic Support**<br><br>Defendants intend to rely on a sworn declaration of Chris Bartone to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.<br><br>Defendants may also rely on Dr. Bartone to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert and witnesses.<br><br>Defendants also reserve the right to rely on positions and evidence relied upon by Plaintiff and its experts in the related IPR proceedings. |

[33] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 14/529,978 filed on Oct. 31, 2014, which is a continuation-in-part of U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, now U.S. Pat. No. 8,880,042, issued Nov. 4, 2014, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

| | | |
|---|---|---|
| | sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088 | |
| 13. "a first device programmed to perform operations comprising:<br><br><u>transmitting location information including an updated location of the first device to the second devices based on displacement of the first device by at least a predetermined distance</u> | Plain Meaning<br><br>AGIS reserves its right to challenge Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term | Governed by 35 U.S.C. § 112(f); functions underlined in claim language<br><br>Indefinite under 35 U.S.C. § 112(b) Structure: none disclosed<br><br>**Intrinsic Support** |

| | | |
|---|---|---|
| relative to a previous location of the first device, passage of at least a redetermined [sic] time interval since transmitting information including a location of the first device, or a combination of the displacement of the first device and the passage of time"<br><br>('055 Claim 32) | provides sufficient structure.<br><br>In the alternative, AGIS identifies the following **structure/intrinsic support**: *See, e.g.*, '055 Patent, 3:10-4:32; 5:16-6:65; 7:41-8:27; 9:34-48; 10:46-11:3; 13:35-49; 17:28-18:7; 18:26-36. '055 File History, Application 14/695,233, Claims, 2015-04-24.<br><br>AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[34]<br><br><br><br>**Extrinsic Support**<br><br>Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at | *See, e.g.,* '055 Patent at 1:37-44, 2:48-52, 4:65-5:3, 5:49-54, 6:4-5.<br><br>**Extrinsic Support**<br><br>Defendants intend to rely on a sworn declaration of Chris Bartone to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.<br><br>Defendants may also rely on Dr. Bartone to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert and witnesses.<br><br>Defendants also reserve the right to rely on |

---

[34] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 14/529,978 filed on Oct. 31, 2014, which is a continuation-in-part of U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, now U.S. Pat. No. 8,880,042, issued Nov. 4, 2014, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

| | | |
|---|---|---|
| | the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088 | positions and evidence relied upon by Plaintiff and its experts in the related IPR proceedings. |

| 14. "a first device programmed to perform operations comprising: . . .<br><br>[a] receiving second user selection of one or more of the symbols corresponding to one or more of the second devices; and | Plain Meaning<br><br>AGIS reserves its right to challenge Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term provides sufficient structure.<br><br>In the alternative, AGIS identifies the following **structure/intrinsic support**: *See, e.g.*, '055 Patent, Figs 1-10; 3:10-4:32; 5:16-6:65; 7:41-8:27; 17:28-18:7; 18:26-36. '055 File History, Application 14/695,233, Claims, 2015-04-24.<br><br>AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[35]<br><br><br><br><br>**Extrinsic Support** | Governed by 35 U.S.C. § 112(f); functions underlined in claim language<br><br>Indefinite under 35 U.S.C. § 112(b) Structure: No sufficient corresponding structure disclosed.  To the extent any structure is disclosed, it is a general purpose PDA or cell phone for implementing an undisclosed algorithm to perform the functionality described at 8:51-9:12 |

---

[35] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 14/529,978 filed on Oct. 31, 2014, which is a continuation-in-part of U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, now U.S. Pat. No. 8,880,042, issued Nov. 4, 2014, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.

AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080,

| | | |
|---|---|---|
| | IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088 | |
| [b] <u>receiving user input assigning the one or more second devices corresponding to the second selected one or more symbols to a sub-net.</u>"<br><br>('055 Claim 33) | Plain Meaning<br><br>AGIS reserves its right to challenge Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term provides sufficient structure.<br><br>In the alternative, AGIS identifies the following **structure/intrinsic support**:<br>*See, e.g.*, '055 Patent, Figs 1-10; 3:10-4:32; 5:16-6:65; 7:41-8:27; 12:40-48; 17:28-18:7; 18:26-36. '055 File History, Application 14/695,233, Claims, 2015-04-24.<br><br>AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[36] | Indefinite under 35 U.S.C. § 112(b)<br>Structure: none disclosed<br><br>**Intrinsic Support**<br><br>*See, e.g.,* '055 Patent at 1:37-44, 2:48-52, 4:65-5:3, 5:49-54, 6:4-5.<br><br>**Extrinsic Support**<br><br>Defendants intend to rely on a sworn declaration of Chris Bartone to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for |

---

[36] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 14/529,978 filed on Oct. 31, 2014, which is a continuation-in-part of U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, now U.S. Pat. No. 8,880,042, issued Nov. 4, 2014, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No.

| | | structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function. |
|---|---|---|

structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.

**Extrinsic Support**

Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions

Defendants may also rely on Dr. Bartone to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert and witnesses.

Defendants also reserve the right to rely on positions and evidence relied upon by Plaintiff and its experts in the related IPR proceedings.

---

11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

| | | |
|---|---|---|
| | and evidence relied upon by Defendants and its experts in the related IPR proceedings.<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088 | |
| 15. "a first device programmed to perform operations comprising: . . .<br><br>[a] <u>receiving user selection of the sub-net; and</u> | Plain Meaning<br><br>AGIS reserves its right to challenge Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term provides sufficient structure.<br><br>In the alternative, AGIS identifies the following **structure/intrinsic support**: *See, e.g.*, '055 Patent, Abstract; 2:48-4:32; 5:16-6:65; 7:41-8:27; 8:31-9:12; 9:13-48; 9:49-10:30; 10:31-11:43; 12:26-13:60; 17:28-18:7; 18:45-50. '055 File History, Application 14/695,233, Claims, 2015-04-24.<br><br>AGIS notes that its investigation is ongoing and it expressly reserves the right | Governed by 35 U.S.C. § 112(f); functions underlined in claim language<br><br>Indefinite under 35 U.S.C. § 112(b)<br>Structure: none disclosed |

to identify additional structure(s), act(s), or material(s) corresponding to this term.[37]

**Extrinsic Support**

Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient

---

[37] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 14/529,978 filed on Oct. 31, 2014, which is a continuation-in-part of U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, now U.S. Pat. No. 8,880,042, issued Nov. 4, 2014, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed on Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

| | | |
|---|---|---|
| | structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088 | |
| [b] <u>establishing a conference among the one or more second devices of the sub-net for sharing voice, text, photographs, or video communications</u>"<br><br>('055 Claim 34) | Plain Meaning<br><br>AGIS reserves its right to challenge Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term provides sufficient structure.<br><br>In the alternative, AGIS identifies the following **structure/intrinsic support**:<br>*See, e.g.,* '055 Patent, Abstract; 2:48-4:32; | Indefinite under 35 U.S.C. § 112(b)<br>Structure: none disclosed<br><br>**Intrinsic Support**<br><br>*See, e.g.,* '055 Patent at 1:37-44, 2:48-52, 4:65-5:3, 5:49-54, 6:4-5.<br><br>**Extrinsic Support**<br><br>Defendants intend to rely on a sworn declaration of Chris Bartone to explain the |

| | |
|---|---|
| 5:16-6:65; 7:41-8:27; 8:31-9:12; 9:13-48; 9:49-10:30; 10:31-11:43; 12:26-13:60; 17:28-18:7; 18:45-50. '055 File History, Application 14/695,233, Claims, 2015-04-24.<br><br>AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[38]<br><br><br>**Extrinsic Support**<br><br>Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would | technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.<br><br>Defendants may also rely on Dr. Bartone to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert and witnesses.<br><br>Defendants also reserve the right to rely on positions and evidence relied upon by Plaintiff and its experts in the related IPR proceedings. |

---

[38] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 14/529,978 filed on Oct. 31, 2014, which is a continuation-in-part of U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, now U.S. Pat. No. 8,880,042, issued Nov. 4, 2014, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

| | | |
|---|---|---|
| | understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088 | |
| 16. "a first device programmed to perform operations comprising: . . .<br><br>identifying second user interaction with the interactive display selecting at least one of the user-selectable symbols corresponding to at least one of the | Plain Meaning<br><br>AGIS reserves its right to challenge Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term | Governed by 35 U.S.C. § 112(f); functions underlined in claim language<br><br>Indefinite under 35 U.S.C. § 112(b)<br>Structure: No sufficient corresponding structure disclosed.  To the extent any structure is disclosed, it is a general purpose |

| | | |
|---|---|---|
| second devices and user interaction with the display specifying an action, and based thereon, initiating a phone call or phone conference with the at least one second device." <br><br> ('055 Claim 36) | provides sufficient structure. <br><br> In the alternative, AGIS identifies the following **structure/intrinsic support**: *See, e.g.*, algorithm set forth in '055 Patent, Abstract; 2:48-4:32; 5:16-6:65; 7:41-8:27; 8:31-9:12; 9:13-48; 9:49-10:30; 10:31-11:43; 12:26-13:60; 17:28-18:7; 18:53-59. '055 File History, Application 14/695,233, Claims, 2015-04-24. <br><br> AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[39] <br><br><br><br> **Extrinsic Support** <br><br> Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to | PDA or cell phone for implementing an undisclosed algorithm to perform the functionality described at 8:51-9:12 <br> **Intrinsic Support** <br><br> *See, e.g.,* '055 Patent at 1:37-44, 2:48-52, 4:65-5:3, 5:49-54, 6:4-5. <br><br> **Extrinsic Support** <br><br> Defendants intend to rely on a sworn declaration of Chris Bartone to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function. <br><br> Defendants may also rely on Dr. Bartone to |

[39] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 14/529,978 filed on Oct. 31, 2014, which is a continuation-in-part of U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, now U.S. Pat. No. 8,880,042, issued Nov. 4, 2014, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

| | | |
|---|---|---|
| | explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, | respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert and witnesses.<br><br>Defendants also reserve the right to rely on positions and evidence relied upon by Plaintiff and its experts in the related IPR proceedings. |

| | IPR2018-01087, and IPR2018-01088 | |
|---|---|---|
| 17. "a second device programmed to perform operations comprising:<br><br>[a] <u>receiving, from a first device via a first server, a request to join a group, wherein the group includes the first device;</u> | Plain Meaning<br><br>AGIS reserves its right to challenge Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term provides sufficient structure.<br><br>In the alternative, AGIS identifies the following **structure/intrinsic support**: *See, e.g.*, '829 Patent, Abstract; Figures 1-3, 5, 6; 2:52-4:44;  11:38-12:64; 20:65-22:27. '829 File History, Application 14/633,764, Claims, 2015-02-27.<br><br>AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[40] | Governed by 35 U.S.C. § 112(f); functions underlined in claim language<br><br>Indefinite under 35 U.S.C. § 112(b)<br>Structure: none disclosed |

[40] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 14/529,978 filed on Oct. 31, 2014, which is a continuation-in-part of U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, now U.S. Pat. No. 8,880,042, issued Nov. 4, 2014, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed on Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

|  | **Extrinsic Support**<br><br>Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, |  |

| | | |
|---|---|---|
| | IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088.<br><br>AGIS may rely on the Wikipedia article for "Georeferencing." *See* Exhibit 1.<br><br>AGIS may also rely on *Georeferencing*, by Linda L. Hill (2006), The MIT Press, ISBN 978-0262083546, which will be made available for inspection. | |
| [b] <u>sending, to the first server, an indication of acceptance of the request, wherein the first server is configured to join the first device to the group based on the acceptance of the request, and wherein joining the first device to the group comprises authorizing the first device to repeatedly share device location information and repeatedly engage in remote control operations with each device included in the group;</u> | Plain Meaning<br><br>AGIS reserves its right to challenge Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term provides sufficient structure.<br><br> In the alternative, AGIS identifies the following **structure/intrinsic support**: *See, e.g.*, '829 Patent, Abstract; Figures 1-3, 5, 6, 9; 2:57-3:45; 3:62-4:44, 10:61-11:18; 20:65-22:27. '829 File History, Application 14/633,764, Claims, 2015-02-27.<br><br>AGIS notes that its investigation is | Indefinite under 35 U.S.C. § 112(b)<br>Structure: none disclosed |

ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[41]

**Extrinsic Support**

Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed

---

[41] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 14/529,978 filed on Oct. 31, 2014, which is a continuation-in-part of U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, now U.S. Pat. No. 8,880,042, issued Nov. 4, 2014, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed on Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

| | | |
|---|---|---|
| | function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088.<br><br>AGIS may rely on the Wikipedia article for "Georeferencing." *See* Exhibit 1.<br><br>AGIS may also rely on *Georeferencing*, by Linda L. Hill (2006), The MIT Press, ISBN 978-0262083546, which will be made available for inspection. | |

| | | |
|---|---|---|
| [c] sending a first message to the first server, wherein the first message comprises data identifying the first device and a request for a first updated location of the first device, and wherein the first server is configured to send a second message to the first device based on and in response to receiving the first message from the second device, wherein the second message comprises a request for the first updated location of the first device; | Plain meaning<br><br>AGIS reserves its right to challenge Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term provides sufficient structure.<br><br>  In the alternative, AGIS identifies the following **structure/intrinsic support**: *See, e.g.*, '829 Patent, Abstract; Figures 1-3, 5, 6, 9; 2:57-4:44, 10:61-11:18; 20:65-22:27. '829 File History, Application 14/633,764, Claims, 2015-02-27.<br><br>AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[42]<br><br><br>**Extrinsic Support** | Indefinite under 35 U.S.C. § 112(b)<br>Structure: none disclosed |

---

[42] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 14/529,978 filed on Oct. 31, 2014, which is a continuation-in-part of U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, now U.S. Pat. No. 8,880,042, issued Nov. 4, 2014, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed on Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

| | | |
|---|---|---|
| | Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, | |

| | | |
|---|---|---|
| | IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088.<br><br>AGIS may rely on the Wikipedia article for "Georeferencing." *See* Exhibit 1.<br><br>AGIS may also rely on *Georeferencing*, by Linda L. Hill (2006), The MIT Press, ISBN 978-0262083546, which will be made available for inspection. | |
| [d] <u>after sending the first message, receiving, from the first server, a response to the first message, the response including first location information comprising the first updated location of the first device;</u> | Plain Meaning<br><br>AGIS reserves its right to challenge Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term provides sufficient structure.<br><br>In the alternative, AGIS identifies the following **structure/intrinsic support**: *See, e.g.*, '829 Patent, Abstract; Figures 1-3, 5, 6, 9; 2:57-4:44, 10:61-11:18; 20:65-22:27. '829 File History, Application 14/633,764, Claims, 2015-02-27.<br><br>AGIS notes that its investigation is | Indefinite under 35 U.S.C. § 112(b)<br>Structure: none disclosed |

ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[43]

**Extrinsic Support**

Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand

---

[43] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 14/529,978 filed on Oct. 31, 2014, which is a continuation-in-part of U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, now U.S. Pat. No. 8,880,042, issued Nov. 4, 2014, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed on Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.

AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088.

AGIS may rely on the Wikipedia article for "Georeferencing." *See* Exhibit 1.

AGIS may also rely on *Georeferencing*, by Linda L. Hill (2006), The MIT Press, ISBN 978-0262083546, which will be made available for inspection.

| [e] receiving, from a second server, georeferenced map data; | Plain Meaning<br><br>AGIS reserves its right to challenge Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term provides sufficient structure.<br><br> In the alternative, AGIS identifies the following **structure/intrinsic support**: *See, e.g.*, '829 Patent, Abstract; Figures 1-3, 5, 6, 9; 2:57-4:44, 6:14-23; 10:61-11:18; 20:65-22:27. '829 File History, Application 14/633,764, Claims, 2015-02-27.<br><br>AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[44] | Indefinite under 35 U.S.C. § 112(b)<br>Structure: none disclosed |

---

[44] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 14/529,978 filed on Oct. 31, 2014, which is a continuation-in-part of U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, now U.S. Pat. No. 8,880,042, issued Nov. 4, 2014, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed on Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

**Extrinsic Support**

Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.

AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818,

| | | |
|---|---|---|
| | IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088.<br><br>AGIS may rely on the Wikipedia article for "Georeferencing." *See* Exhibit 1.<br><br>AGIS may also rely on *Georeferencing*, by Linda L. Hill (2006), The MIT Press, ISBN 978-0262083546, which will be made available for inspection. | |
| [f] presenting, via a display of the second device, a georeferenced map based on the georeferenced map data and a symbol corresponding to the first device, wherein the symbol is positioned on the georeferenced map at a first  position corresponding to the first updated location of the first device, and wherein the georeferenced map data relate positions on the georeferenced map to spatial coordinates; | Plain Meaning<br><br>AGIS reserves its right to challenge Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term provides sufficient structure.<br><br>  In the alternative, AGIS identifies the following **structure/intrinsic support**: *See, e.g.*, '829 Patent, Abstract; Figures 1-3, 5, 6, 9; 2:57-4:44, 5:30-7:8; 20:65-22:27. '829 File History, Application 14/633,764, Claims, 2015-02-27.<br><br>AGIS notes that its investigation is | Indefinite under 35 U.S.C. § 112(b) Structure: none disclosed |

ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[45]

**Extrinsic Support**

Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand

---

[45] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 14/529,978 filed on Oct. 31, 2014, which is a continuation-in-part of U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, now U.S. Pat. No. 8,880,042, issued Nov. 4, 2014, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed on Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

| | | |
|---|---|---|
| | the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088.<br><br>AGIS may rely on the Wikipedia article for "Georeferencing." *See* Exhibit 1.<br><br>AGIS may also rely on *Georeferencing*, by Linda L. Hill (2006), The MIT Press, ISBN 978-0262083546, which will be made available for inspection. | |

| [g] after receiving the first location information and the georeferenced map data, receiving second location information comprising a second updated location of the first device from the first server and using the server-provided georeferenced map data and the second location information to reposition the symbol on the georeferenced map at a second position corresponding to the second updated location of the first device; and | Plain Meaning<br><br>AGIS reserves its right to challenge Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term provides sufficient structure.<br><br> In the alternative, AGIS identifies the following **structure/intrinsic support**: *See, e.g.*, '829 Patent, Abstract; Figures 1-3, 5, 6, 9; 2:57-4:44, 5:30-7:8; 20:65-22:27. '829 File History, Application 14/633,764, Claims, 2015-02-27.<br><br>AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[46]<br><br>**Extrinsic Support**<br><br>Plaintiff intends to rely on a sworn | Indefinite under 35 U.S.C. § 112(b)<br>Structure: none disclosed |

---

[46] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 14/529,978 filed on Oct. 31, 2014, which is a continuation-in-part of U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, now U.S. Pat. No. 8,880,042, issued Nov. 4, 2014, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed on Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.

AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082,

| | | |
|---|---|---|
| | IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088.<br><br>AGIS may rely on the Wikipedia article for "Georeferencing." *See* Exhibit 1.<br><br>AGIS may also rely on *Georeferencing*, by Linda L. Hill (2006), The MIT Press, ISBN 978-0262083546, which will be made available for inspection. | |
| [h] <u>identifying user interaction with the display specifying an action and, based thereon, sending, to the first server, a third message related to remotely controlling the first device to perform an action, wherein the first server is configured to send a fourth message to the first device based on receiving the third message from the second device, wherein the fourth message relates to remotely controlling the first device to perform the action, and</u> | Plain Meaning<br><br>AGIS reserves its right to challenge Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term provides sufficient structure.<br><br>In the alternative, AGIS identifies the following **structure/intrinsic support**: *See, e.g.*, algorithm set forth in '829 Patent, Abstract; Figures 1-3, 5, 6, 9; 2:57-4:44, 5:30-7:8; 9:27-47; 20:65-22:27. '829 File History, Application 14/633,764, Claims, 2015-02-27.<br><br>AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or | Indefinite under 35 U.S.C. § 112(b)<br>Structure: none disclosed |

material(s) corresponding to this term.[47]

**Extrinsic Support**

Plaintiff intends to rely on a sworn
declaration of Dr. Jaime G. Carbonell to
explain the technology, state of the art at
the time of the invention, the level of
ordinary skill in the relevant art, and the
meaning of this claim element to a person
of ordinary skill in the art at the time of the
alleged invention, including (1) whether a
person of ordinary skill in the art would
understand the claim term to have a
sufficiently definite meaning as the name
for structure and (2) whether a person of
ordinary skill in the art would understand
the specification to disclose sufficient
structure corresponding to the claimed

---

[47] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 14/529,978 filed on Oct. 31, 2014, which is a continuation-in-part of U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, now U.S. Pat. No. 8,880,042, issued Nov. 4, 2014, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed on Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

| | | |
|---|---|---|
| | function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088.<br><br>AGIS may rely on the Wikipedia article for "Georeferencing." *See* Exhibit 1.<br><br>AGIS may also rely on *Georeferencing*, by Linda L. Hill (2006), The MIT Press, ISBN 978-0262083546, which will be made available for inspection. | |

| [i] <u>wherein the first device is configured to perform the action based on receiving the fourth message.</u>" ('829 Claim 68) | Plain Meaning<br><br>AGIS reserves its right to challenge Defendants' contention that this term should be governed by 35 U.S.C. § 112, ¶ 6.  AGIS contends that the claim term provides sufficient structure.<br><br>In the alternative, AGIS identifies the following **structure/intrinsic support**: *See, e.g.*, '829 Patent, Abstract; Figures 1-3, 5, 6, 9; 2:57-4:44, 5:30-7:8; 9:14-63; 20:65-22:27. '829 File History, Application 14/633,764, Claims, 2015-02-27.<br><br>AGIS notes that its investigation is ongoing and it expressly reserves the right to identify additional structure(s), act(s), or material(s) corresponding to this term.[48] | Indefinite under 35 U.S.C. § 112(b) Structure: none disclosed<br><br>**Intrinsic Support**<br><br>*See, e.g.,* '829 Patent at 1:37-46, 2:52-56, 5:7-12, 5:39-41, 5:48-55, 5:58-64, 6:14-15, 7:2-8, 7:52-58;<br><br>'728 Patent at 8:45–50, 7:31–37, 10:40–46, claims 3, 10;<br><br>'681 Patent at 4:63–64, 6:24–31, 7:14–19, claims 5, 9.<br><br>**Extrinsic Support**<br><br>Defendants intend to rely on a sworn declaration of Chris Bartone to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the |

---

[48] AGIS reserves the right, for purposes of establishing priority, to identify structure from all preceding applications in the priority chain which are incorporated by reference in their entirety, including U.S. patent application Ser. No. 14/529,978 filed on Oct. 31, 2014, which is a continuation-in-part of U.S. patent application Ser. No. 14/027,410 filed on Sep. 16, 2013, now U.S. Pat. No. 8,880,042, issued Nov. 4, 2014, which is a continuation of U.S. patent application Ser. No. 13/751,453 filed Jan. 28, 2013, now U.S. Pat. No. 8,538,393 issued Sep. 17, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 12/761,533 filed on Apr. 16, 2010, now U.S. Pat. No. 8,364,129 issued Jan. 29, 2013, which is a continuation-in-part of U.S. patent application Ser. No. 11/615,472 filed Dec. 22, 2006, now U.S. Pat. No. 8,126,441 issued on Feb. 28, 2012, which is a continuation-in-part of U.S. patent application Ser. No. 11/308,648 filed Apr. 17, 2006, now U.S. Pat. No. 7,630,724 issued on Dec. 8, 2009, which is a continuation-in-part of U.S. patent application Ser. No. 10/711,490, filed on Sep. 21, 2004, now U.S. Pat. No. 7,031,728 issued on Apr. 18, 2006.

|  | **Extrinsic Support**<br><br>Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including (1) whether a person of ordinary skill in the art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, | art would understand the claim term to have a sufficiently definite meaning as the name for structure and (2) whether a person of ordinary skill in the art would understand the specification to disclose sufficient structure corresponding to the claimed function.<br><br>Defendants may also rely on Dr. Bartone to respond to Plaintiff's claim construction positions and any testimony of Plaintiff's expert and witnesses.<br><br>Defendants also reserve the right to rely on positions and evidence relied upon by Plaintiff and its experts in the related IPR proceedings. |

| | | |
|---|---|---|
| | IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088.<br><br>AGIS may rely on the Wikipedia article for "Georeferencing." *See* Exhibit 1.<br><br>AGIS may also rely on *Georeferencing*, by Linda L. Hill (2006), The MIT Press, ISBN 978-0262083546, which will be made available for inspection. | |
| 18. "a forced message alert software application program"<br><br>('970 Claims 1, 6) | "Application software that allows an operator to create and transmit forced message alerts comprising a text alert that is displayed until cleared or a voice alert that repeats until cleared"<br><br>**Intrinsic Support**<br><br>'970 Patent, Abstract; 3:29-40; 3:41-51; 4:47-59; 7:8-42; 7:43-8:15; 8:16-52; 8:65-9:39; 10:7-41<br><br>**Extrinsic Support**<br><br>Plaintiff intends to rely on a sworn | "application software that allows an operator to create and transmit forced message alerts, automatically transmit an acknowledgement of receiving them, periodically resend them when no acknowledgement is received, indicate on a display which recipient devices have acknowledged the forced message alert, provide a manual response list on the display of the recipient device, and provide an indication of the status and content of the manual response selected by the recipient devices"<br><br>**Intrinsic Support**<br>*See, e.g.*, '970 Patent at Abstract, Figs. 3A-3B and 4, 2:7-35, 3:22-28, 4:47-59, 7:43-8:57;<br><br>'970 File History 9/9/11 Amendment and Response to Office Action; |

| | | |
|---|---|---|
| | declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including that (a) the terms need not be redefined by the court; (b) Defendants' proposed constructions improperly deviate from the claims, specification, and the ordinary and customary meanings of the terms; (c) a person of ordinary skill in the art would understand the ordinary and customary meaning of the term without the need for additional construction; and (d) the terms should be given their plain and ordinary meanings as understood by a person of ordinary skill in the art.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings. <br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review | '970 File History 12/17/10 Amendment and Response to Office Action. |

| | | |
|---|---|---|
| | numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088. | |
| 19. "manual response"<br><br>('970 Claims 1, 6) | **Plain Meaning**<br><br>**Intrinsic Support**<br><br>'970 Patent, Abstract; 1:15-23; 2:7-59; 7:43-8:15; 8:16-52; 8:65-9:39; 10:7-41<br><br><br>**Extrinsic Support**<br><br>Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including that (a) the terms need not be redefined by the court; (b) Defendants' proposed constructions improperly deviate from the claims, specification, and the ordinary and | "user-selectable reply that is sent back to the sender PDA/cell phone"<br><br>**Intrinsic Support**<br><br>*See, e.g.,* '970 Patent at Fig. 3B, 4, 2:26-35, 3:9-17, 7:17-31, 7:56-58, 8:9-15, 8:39-57;<br><br>'970 File History 9/9/11 Amendment and Response to Office Action;<br><br>'970 File History 12/17/10 Amendment and Response to Office Action. |

|  | customary meanings of the terms; (c) a person of ordinary skill in the art would understand the ordinary and customary meaning of the term without the need for additional construction; and (d) the terms should be given their plain and ordinary meanings as understood by a person of ordinary skill in the art.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088. |  |
|---|---|---|
| 20. "the repeating voice alert"<br><br>('970 Claim 6) | Plain Meaning<br><br>**Intrinsic Support**<br><br>'970 Patent, Abstract; Fig. 2, 4; 2:7-58; 7:7-42; 8:16-52; 10:7-41 | Indefinite |

**Extrinsic Support**

Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including that when viewed in light of the specification and prosecution history, the claim terms sufficiently inform those skilled in the art about the scope of the invention with reasonable certainty.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.

AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821,

| | | |
|---|---|---|
| | IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088. | |
| 21. "group"<br><br>('838 Claims 1, 54, 55, 84; '251 Claims 1, 24; '829 Claims 1, 34, 35, 68) | Plain Meaning<br><br>**Intrinsic Support**<br><br>'838 Patent[49], Fig. 6; 1:44-48; 1:50-67; 2:5-45; 2:49-3:11; 3:36-4:11; 4:12-37; 10:10-37; 11:31-51; 11:60-12:6; 12:7-34; 12:35-67; 13:1-14:4.<br><br>'728 Patent, 1:6-15; 1:19-36; 3:24-56; 9:12-51; 10:12-31; 12:52-13:13<br><br>**Extrinsic Support**<br><br>Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including that (a) the terms need not be redefined by the court; (b) Defendants' proposed constructions improperly deviate from the claims, | "more than two participants associated together without having to pre-enter data into a web or identify other users by name, E-mail addresses or phone numbers"<br><br>**Intrinsic Support**<br><br>*See, e.g.,* '838 Patent at Abstract, Fig. 2-5, 1:44-48, 1:56-59, 2:5-45, 2:54-60; 3:6-11, 3:40-4:11, 4:15-19, 4:29-33, 4:66-5:4, 5:15-16, 10:18-21; 10:27-11:10, 12:53-57;<br><br>'251 Patent at Abstract, Fig. 2-5, 1:47-51, 1:59-62, 2:8-48, 2:57-63, 3:9-14, 3:43-4:14, 4:20-24, 4:35-40, 5:7-12, 5:23-24, 10:26-29, 10:35-11:18, 12:60-64;<br><br>'829 Patent at Abstract, Fig. 2-5, 1:47-51, 1:59-62, 2:8-48, 2:57-63, 3:9-14, 3:43-4:14, 4:20-24, 4:35-40, 5:7-12, 5:23-24, 10:26-29, 10:35-11:18, 12:60-64;<br><br>'441 File History 2/23/11 Amendment and Response to Office Action;<br><br>'441 File History 10/7/11 Amendment and |

---

[49] Citations to the '838 patent are representative of citations to the '829 and '251 patents.

| | | |
|---|---|---|
| | specification, and the ordinary and customary meanings of the terms; (c) a person of ordinary skill in the art would understand the ordinary and customary meaning of the term without the need for additional construction; and (d) the terms should be given their plain and ordinary meanings as understood by a person of ordinary skill in the art.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088. | Response to Office Action. |
| 22. "receiving a message from a second device"<br><br>('251 Claims 1, 24) | Plain Meaning<br><br>**Intrinsic Support**<br><br>'251 Patent, Fig. 5, 9, 10; 1:53-2:48; 2:57- | "receiving a message directly from second device without the use of a server"<br><br>**Intrinsic Support** |

| | | |
|---|---|---|
| | 3:14; 3:46-4:14;  9:27-64; 10:61-11:33; 145:1-11; 14:12-26; 14:27-51.<br><br>'728 Patent, 1:19-36; 2:63- 5:8; 5:55-6:4; 6:5-28; 9:52-10:11; 11:43-55; 14:10-61.<br><br>**Extrinsic Support**<br><br>Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including that (a) the terms need not be redefined by the court; (b) Defendants' proposed constructions improperly deviate from the claims, specification, and the ordinary and customary meanings of the terms; (c) a person of ordinary skill in the art would understand the ordinary and customary meaning of the term without the need for additional construction; and (d) the terms should be given their plain and ordinary meanings as understood by a person of ordinary skill in the art.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions | *See, e.g.,* the language of the claim;<br><br>'838 Patent claims 1, 54, 55, 84;<br><br>'829 Patent claims 1, 34, 35, 68;<br><br>'251 File History 11/13/15 Amendment and Response to Office Action;<br><br>'251 File History 12/10/15 Office Action. |

116

| | and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088. | |
|---|---|---|
| 23. "an identifier corresponding to the group"<br><br>('838 Claims 1, 54, 55, 84) | Plain Meaning<br><br>**Intrinsic Support**<br><br>'838 Patent, Fig. 6; 1:44-48; 1:50-67; 2:5-45; 2:49-3:11; 3:36-4:11; 4:12-37; 10:10-37; 11:31-59; 11:60-12:6; 12:7-34; 12:35-67; 13:1-14:4<br><br>'728 Patent, Fig. 3, 1:6-15; 1:19-36; 3:24-56; 9:12-51; 10:12-31; 10:32-11:4; 12:52-13:13<br><br>**Extrinsic Support**<br><br>Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to | "an ad hoc event name for the group"<br><br>**Intrinsic Support**<br><br>*See, e.g.,* '838 Patent at Abstract, Fig. 2-5, 1:44-48, 1:56-59, 2:5-45, 2:54-60; 3:6-11, 3:40-4:11, 4:15-19, 4:29-33, 4:66-5:4, 5:15-16, 10:18-21; 10:27-11:10, 12:53-57<br><br>'838 File History 08/12/16 Amendment and Response to Office Action;<br><br>'724 Patent at 14:60-61, 15:11-18 |

|  | explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including that (a) the terms need not be redefined by the court; (b) Defendants' proposed constructions improperly deviate from the claims, specification, and the ordinary and customary meanings of the terms; (c) a person of ordinary skill in the art would understand the ordinary and customary meaning of the term without the need for additional construction; and (d) the terms should be given their plain and ordinary meanings as understood by a person of ordinary skill in the art.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, |  |
|---|---|---|

| | IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088. | |
|---|---|---|
| 24. "database of entities"<br><br>('838 Claim 23;<br>'251 Claim 14) | Plain Meaning<br><br>**Intrinsic Support**<br><br>'838 Patent, Fig. 10; 1:30-43;  5:22-6:5; 6:6-67; 7:24-62; 7:63-8:31; 8:32-55; 8:56-9:18; 17:18-33.<br><br>'728 Patent, Fig. 3; 2:18-54; 3:24-56; 3:62-5:8; 7:61-67; 8:35-9:11; 11:5-19; 12:52-13:13.<br><br>**Extrinsic Support**<br><br>Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including that (a) the terms need not be redefined by the court; (b) Defendants' proposed constructions improperly deviate from the claims, specification, and the ordinary and | "georeferenced database stored on the device's CPU that contains phone numbers and latitude and longitude of users and fixed facilities and if available IP addresses and email addresses"<br><br>**Intrinsic Support**<br><br>*See, e.g.,* '724 Patent at 2:64-3:10; 4:34-36; 5:11-15; 5:58-60; 6:36-40; 7:25-27; 7:65-8:1; 8:29-32; 10:1-8; 10:14-16; 15:21-23; 15:27-31; 16:3-7; 18:60-63; 20:1-4 |

| | customary meanings of the terms; (c) a person of ordinary skill in the art would understand the ordinary and customary meaning of the term without the need for additional construction; and (d) the terms should be given their plain and ordinary meanings as understood by a person of ordinary skill in the art.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088. | |
| 25. "Short Message Service (SMS) messages"<br><br>('055 Claims 1, 54) | Plain Meaning<br><br>**Intrinsic Support**<br><br>'838 Patent, 5:50-61; 9:40-46; 13:61-67. | "cellular based messages of limited size consisting of text and numbers"<br><br>**Intrinsic Support**<br><br>*See, e.g.,* '055 Patent at 5:51-54, 9:35-40, |

'728 Patent, 1:36-44 ("Smart Message Service"); 5:55-64; 6:7-19; 6:34-36; 7:41-45

**Extrinsic Support**

Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including that (a) the terms need not be redefined by the court; (b) Defendants' proposed constructions improperly deviate from the claims, specification, and the ordinary and customary meanings of the terms; (c) a person of ordinary skill in the art would understand the ordinary and customary meaning of the term without the need for additional construction; and (d) the terms should be given their plain and ordinary meanings as understood by a person of ordinary skill in the art.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the

13:50-60;

'441 File History 2/23/11 Amendment and Response to Office Action;

'055 File History 10/30/15 Amendment and Response to Office Action;

'055 File History 2/26/16 Amendment and Response to Office Action;

**Extrinsic Support**

*See, e.g.,* Deposition Testimony of Malcolm Beyer at 39:6-14 (AGISTX_00008356 at -394);

Deposition Testimony of Sandel Blackwell at 40:8-41:15 (AXISTX_00009397 at -436-437);

Gwenael Le Bodic, mobile messaging: technologies and services, 3, 7-9, 47-48, 51-54, 57-59 (John Wiley & Sons, Ltd ed., 2nd ed. 2005);

Microsoft Computer Dictionary, pg. 479 (5th Edition 2002);

3G TS 23.040 V1.0.0 (1999-05), pg. 6;

3GPP TS 23.040 V14.0.0 (2017-03), pg. 9.

| | right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088. | |
|---|---|---|
| 26. "the other symbol"<br><br>('055 Claims 2, 42) | Plain Meaning<br><br>**Intrinsic Support**<br><br> '838 Patent, 2:54-3:11; 4:11-19; 5:31-35; 6:33-9:39; 11:11-25; 12:49-67.<br><br>**Extrinsic Support**<br><br>Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including that when viewed in light of the specification and | Indefinite |

| | | |
|---|---|---|
| | prosecution history, the claim terms sufficiently inform those skilled in the art about the scope of the invention with reasonable certainty.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings.<br><br>AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088. | |
| 27. "User selection of the sub-net"<br><br>('055 Claims 7, 34) | "User selection of one or more devices among an existing network of participants"<br><br>**Intrinsic Support**<br><br>'055 Patent, 3:23-28; 4:13-17 and claims 6, 7, 33 and 34;<br><br>'728 Patent, 4:25-43; 6:56-60; 9:12-18.<br><br>**Extrinsic Support** | User selection of less than all devices among an existing network of participants<br><br>**Intrinsic Support**<br>*See, e .g.,* '055 Patent at 2:53-3:9, 4:9-17, 11:4-10, 12:40-48, 12:59-13:26, Fig. 8;<br><br>'055 File History 05-31-2016 Amendment and Response to Office Action;<br><br>'728 patent, 2:20-27, 11:20-42. |

| | Plaintiff intends to rely on a sworn declaration of Dr. Jaime G. Carbonell to explain the technology, state of the art at the time of the invention, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including that (a) the terms need not be redefined by the court; (b) Defendants' proposed constructions improperly deviate from the claims, specification, and the ordinary and customary meanings of the terms; (c) a person of ordinary skill in the art would understand the ordinary and customary meaning of the term without the need for additional construction; and (d) the terms should be given their plain and ordinary meanings as understood by a person of ordinary skill in the art.  Plaintiff may also rely on Dr. Carbonell to respond to Defendants' claim construction positions and any testimony of Defendants' expert and witnesses.  Plaintiff also reserves the right to rely on positions and evidence relied upon by Defendants and its experts in the related IPR proceedings. | **Extrinsic Support**<br><br>Microsoft Computer Dictionary, pg. 502 (5th Edition 2002) |
|---|---|---|

| | AGIS may rely on papers and/or declarations filed in Inter Partes Review numbers IPR2018-00817, IPR2018-00818, IPR2018-00819, IPR2018-00821, IPR2018-01079, IPR2018-01080, IPR2018-01081, IPR2018-01082, IPR2018-01083, IPR2018-01084, IPR2018-01085, IPR2018-01086, IPR2018-01087, and IPR2018-01088. | |