██████████████████████████████████

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| AGIS SOFTWARE DEVELOPMENT LLC, § <br><br> *Plaintiff,* § <br><br> v. § <br><br> HUAWEI DEVICE USA INC., *et al.*, § <br><br> *Defendants.* § | | **Civil Action No. 2:17-CV-513-JRG** <br> **(LEAD CASE)** |
| AGIS SOFTWARE DEVELOPMENT LLC, § <br><br> *Plaintiff,* § <br><br> v. § <br><br> APPLE INC., § <br><br> *Defendant.* § | | **Civil Action No. 2:17-CV-516-JRG** <br> **(CONSOLIDATED CASE)** |

**DEFENDANT APPLE INC.'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,213,970**

## TABLE OF CONTENTS

**Pages**

I.   INTRODUCTION ...................................................................................................................1

II.  STATEMENT OF UNDISPUTED MATERIAL FACTS .....................................................2

    A.   The Asserted Claims Of The '970 Patent ...................................................................2

    B.   Narrowing Amendments During Prosecution Of The '970 Patent ..........................2

    C.   The Accused "Lost Mode" Feature ..............................................................................3

    D.   Mr. McAlexander's Doctrine of Equivalents Analysis ..............................................5

III. LEGAL STANDARDS ..........................................................................................................5

    A.   Summary Judgment ........................................................................................................5

    B.   Prosecution History Estoppel .......................................................................................5

IV.  STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ....................................6

V.   ARGUMENT ...........................................................................................................................7

    A.   Summary Judgment Of Non-Infringement Is Warranted Because There Is No Dispute Over How The Apple Accused Feature Operates, And That Feature Does Not Meet Every Claim Limitation. .......................................................7

    B.   AGIS Is Estopped From Asserting Infringement Of The '970 Patent Under The Doctrine Of Equivalents. ........................................................................................8

        1.   Estoppel Bars Any Assertion Of Infringement Under The Doctrine Of Equivalents For The "Means For Requiring A Required Manual Response From The Response List" Limitation Of Claim 1. .......................8

        2.   Estoppel Bars Any Assertion Of Infringement Under The Doctrine Of Equivalents For The "Providing A Manual Response List On The Display Of The Recipient PC Or PDA/Cell Phone" Limitation Of Claim 6 .................................................................................................................10

VI.  CONCLUSION .....................................................................................................................10

██████████████████████████████████████
      ████████████████████████████

## **TABLE OF AUTHORITIES**

**Pages**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ............................................................................................. 5

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ............................................................................................. 5

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*,
    535 U.S. 722 (2002) ............................................................................................. 6

*GeoTag, Inc. v. Frontier Commc'ns Corp.*,
    No. 2:10-CV-00265-JRG, 2014 WL 28273 (E.D. Tex. Jan. 24, 2014) .................... 6, 9, 10

*Iris Connex, LLC v. Acer Am. Corp.*,
    No. 2:15-CV-1909-JRG, 2016 WL 4596043 (E.D. Tex. Sept. 2, 2016) ........................ 5

*Little v. Liquid Air Corp.*,
    37 F.3d 1069 (5th Cir. 1994) ................................................................................ 5

*Medgraph, Inc. v. Medtronic, Inc.*,
    843 F.3d 942 (Fed. Cir. 2016) .............................................................................. 5

**Statutes**

35 U.S.C. § 112(6) ............................................................................................................ 2

**Rules**

Fed. R. Civ. P. 56(a) ......................................................................................................... 5

██████████████████████████████████████████████
                    ████████████████████████████

## TABLE OF EXHIBITS

| Exhibit Number | Description |
|---|---|
| Ex. 1 | U.S. Patent No. 8,213,970 |
| Ex. 2 | McAlexander Infringement Report Excerpts |
| Ex. 3 | '970 File History Excerpt – 2010-09-20 Office Action |
| Ex. 4 | '970 File History Excerpt – 2010-12-17 Reply to Office Action |
| Ex. 5 | '970 File History Excerpt – 2011-03-11 Office Action |
| Ex. 6 | '970 File History Excerpt – 2011-09-09 Reply to Office Action |
| Ex. 7 | Find My iPhone Support Document |
| Ex. 8 | McAlexander Deposition Excerpts |
| Ex. 9 | Zingde Deposition Excerpts |
| Ex. 10 | Declaration of Paul C. Clark |

███████████████████████████████████████
█████████████████████████████

**I.       INTRODUCTION**

Apple moves for summary judgment of non-infringement of U.S. Patent No. 8,213,970 (the "'970 patent"). According to the '970 patent's Summary of the Invention, the patent provides "a method in which by sending a forced [] message to a recipient or a group of recipients, a sender can compel an automatic acknowledgment of receipt from each recipient's PC or PDA/cell phone and *require a manual response from the recipient via the recipient's cell phone before the message can be cleared*." (Ex. 1 at 2:49-55.)[1] To that end, every asserted claim (claims 3, 5, and 8) requires displaying a "response list" on a recipient device that cannot be cleared unless and until the recipient selects a "response" from that list:

- Claim 1, from which asserted claims 3 and 5 depend, recites: "means for *requiring a manual response* from the response list *by the recipient in order to clear recipient's response list from recipient's cell phone display*"

- Claim 6, from which asserted claim 8 depends, recites: "providing a manual response list on the display of the recipient PDA/cell phone *that can only be cleared by the recipient providing a required response* from the list"

But there is no dispute that Apple's accused feature—the "Lost Mode" feature of the Find My iPhone app—does not work that way. Rather, the parties' experts agree that the alleged "response list" displayed on the recipient device can be cleared from the recipient device's display *without* a "manual response" or "required response" being selected from the "response list." Because selection of a "response" from the "response list" is not required to clear the "response list," as mandated by the claims, summary judgment of non-infringement is warranted.

---

[1] Unless otherwise indicated, all emphasis has been added.

███████████████████████████████████████████████
███████████████████████████████████

Additionally, AGIS's expert ███████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████

## II.   STATEMENT OF UNDISPUTED MATERIAL FACTS

### A.   The Asserted Claims Of The '970 Patent

AGIS alleges that Apple infringes claims 3 and 5 of the '970 patent, which depend from claim 1, and claim 8 of the '970 patent, which depends from claim 6. (Ex. 2 ¶ 1.) Claim 1 of the '970 patent recites, *inter alia*, "means for requiring a required manual response from [a] response list by the recipient in order to clear recipient's response list from recipient's cell phone display." (Ex. 1 at 9:24-26.)  The Court construed the term as a means-plus-function term governed by 35 U.S.C. § 112(6).  The claimed function is "requiring a required manual response from the response list by the recipient in order to clear recipient's response list from recipient's cell phone display." (Dkt. No. 205 at 22.)  The corresponding structure is "a PC or PDA/cell phone configured to implement the algorithm disclosed in the '970 Patent at 8:37-57; and equivalents thereof." (*Id*.) Claim 6 of the '970 patent recites, *inter alia*, "providing a manual response list on the display of the recipient PDA/cell phone that can only be cleared by the recipient providing a required response from the list." (Ex. 1 at 10:34-36; *see also id.* at 10:39-41 ("the response list … can only be cleared by manually selecting and transmitting a response to the manual response list.").)

### B.   Narrowing Amendments During Prosecution Of The '970 Patent

The Patent Office rejected the original claims of the '970 patent's application as anticipated and obvious, citing a number of prior art references. (Ex. 3 at 2-12.)  In response, AGIS added the

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

limitation "providing a manual response list on the display of the recipient PC or PDA/cell phone." (Ex. 4 at 5) In doing so, AGIS argued that the prior art lacked disclosure of the new limitation. (*Id.* at 10-11.) The Patent Office rejected the amended claims, too. (Ex. 5 at 2-12.) AGIS then added the limitation "means for requiring a required manual response from the response list by the recipient in order to clear recipient's response list from recipient's cell phone display." (Ex. 6 at 3.) Citing that new limitation, AGIS argued that the prior art lacked "the requirement … that ***the recipient must respond with a particular answer selected from previously provided list of potential answers*** especially before the recipients [*sic*] display screen can be cleared." (*Id.* at 8.) The Patent Office allowed the amended claims, which issued as the '970 patent. (Ex. 1.)

   C.   The Accused "Lost Mode" Feature

AGIS's expert, Mr. McAlexander, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. 2 ¶¶ 157, 274; *see also id.* at A-a10-A-a14, A-a60-A-a70.) The accused Find My iPhone application permits a user (on a first device) to place a second device (the "recipient device") into "Lost Mode." (Ex. 7 at 1-2; *see also* Ex. 2 ¶ 157.) Mr. McAlexander contends ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

(Ex. 2 at A-a60; *see also id.* ¶¶ 151, 157 and A-a15, A-a26, A-a27, and A-a111-13.) Mr. McAlexander ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*id.* at A-a113):

3



As Mr. McAlexander acknowledges, there are at least three different ways that this alleged "response list" can be cleared from the recipient's display in Apple's Lost Mode feature. ***First***, on the recipient device itself, one can unlock the lost device by selecting "unlock," and then entering the lost device's correct passcode. (Ex. 7 at 1-2; *see also* Ex. 2 at A-a62, A-a65; Ex. 8 at 277:7-9.) ***Second***, using a different Apple device running the Find My iPhone application (*i.e.*, a device other than the recipient device on which the claimed "response list" is displayed), one can select "Turn Off Lost mode," thereby clearing the alleged "response list" from the recipient's screen. (Ex. 7 at 1-2; Ex. 8 at 266:17-267:13; Ex. 9. at 142:22-143:17, 144:25-145:18; *see also* Ex. 2 at A-a65.) ***Third***, again using a different device than the recipient device—any networked computer device—one can log onto Apple's iCloud website and choose "Stop Lost Mode," thereby clearing the alleged "response list" from the recipient's screen. (Ex. 7 at 1-2; Ex. 8 at 266:17-267:13; *see also* Ex. 2 at A-a65.) In both the second and third approaches, the alleged "response list" is cleared from the recipient device without providing a "manual response" or "required response" from the alleged "response list." (*See* Ex. 8 at 266:17-267:13; Ex. 10 at ¶¶ 427-28.)

4

### D. Mr. McAlexander's Doctrine of Equivalents Analysis

AGIS's expert, Mr. McAlexander, ███████████

███████████ As detailed below, the prosecution history does not permit such assertions.

## III. LEGAL STANDARDS

### A. Summary Judgment

A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute of fact is "genuine" only if evidence presented "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[T]he party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,' but need not *negate* the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Celotex*, 477 U.S. at 323) (emphases in original). "[S]ummary judgment of noninfringement is proper when no reasonable factfinder could find that the accused product contains every claim limitation or its equivalent." *Medgraph, Inc. v. Medtronic, Inc.*, 843 F.3d 942, 949 (Fed. Cir. 2016).

### B. Prosecution History Estoppel

"A narrowing amendment to a claim creates a presumption that prosecution history bars a later equivalency by the patentee in an infringement action." *Iris Connex, LLC v. Acer Am. Corp.*, No. 2:15-CV-1909-JRG, 2016 WL 4596043, at *20 (E.D. Tex. Sept. 2, 2016). The presumption

5

"is that the patentee has surrendered all territory between the originally claimed invention and the claims as written, and the burden lies with the Plaintiff to prove otherwise." *GeoTag, Inc. v. Frontier Commc'ns Corp.*, No. 2:10-CV-00265-JRG, 2014 WL 282731, at *2 (E.D. Tex. Jan. 24, 2014) (citing *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 535 U.S. 722, 740-41 (2002)). To avoid summary judgment of non-infringement with respect to "*all* equivalents," a plaintiff must "specify and prove any *particular* equivalents that were unforeseeable or otherwise not within the scope of the patentee's surrender." *Geotag,* 2014 WL 282731, at *2 (emphasis in original).

## IV. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

1. Whether summary judgment of non-infringement is warranted where (1) the asserted claims require displaying on a recipient device a "response list" which cannot be cleared from the recipient device's screen unless and until the recipient provides a "manual response" or "required response" from that list, and (2) there is no factual dispute that the alleged "response list" in the accused Apple Lost Mode feature can be cleared from the recipient device's screen without the recipient providing a "manual response" or "required response" from the claimed "response list."

2. Whether AGIS's claim amendments made during prosecution to avoid prior art estop it from asserting infringement of those same limitations under the doctrine of equivalents.

V. **ARGUMENT**

A. **Summary Judgment Of Non-Infringement Is Warranted Because There Is No Dispute Over How The Apple Accused Feature Operates, And That Feature Does Not Meet Every Claim Limitation.**

Every asserted claim (claims 3, 5, and 8) requires displaying on recipient devices a "response list" which cannot be cleared from the recipient's screen unless and until the recipient provides a "manual response" or "required response" from that list:

- Claim 1: "means for *requiring a manual response* from the response list *by the recipient in order to clear recipient's response list from recipient's cell phone display*"[2]

- Claim 6: "providing a manual response list on the display of the recipient PDA/cell phone *that can only be cleared by the recipient providing a required response* from the list"[3]

AGIS and Mr. McAlexander do not (and cannot) dispute that (1) there are at least three ways to clear the alleged "response list" from a lost device (the alleged "recipient" device) in Apple's accused Lost Mode feature, and (2) at least two of those ways do not require selecting any "response" from the "response list" displayed on the recipient device in order to clear the "response

---

[2] The corresponding structure is "a PC or PDA/cell phone configured to implement the algorithm disclosed in the '970 Patent at 8:37–57; and equivalents thereof." (Dkt. No. 205 at 22.) That portion of the specification makes clear that the "response list" is displayed on the recipient device, and that the recipient must select the "response" from the recipient device in order to clear the recipient's screen. *See* Ex. 1, '970 Patent at 8:40-46 ("[T]he forced voice alert software application program causes the text message and the response list to be shown *on the display of the recipient PC or PDA/cell phone* until a manual response is selected from the response list. Upon selection of the desired response, the forced alert text data is cleared from the recipient PC or PDA/cell phone display.")

[3] *See also* Ex. 8 at 266:8-16

7

list," as mandated by the claims. Instead, a Find My iPhone user can use a *different device* (*i.e.*, the sender device and/or any other networked computer) to select "Turn Off Lost Mode" in the Find My iPhone application, or, alternatively, select "Stop Lost Mode" on the iCloud website— either of which results in clearing the alleged "response list" from the recipient device without providing a "response" from the "response list" displayed on the recipient device. (*See supra* at 3-4; *see also* Ex. 7 at 1-2; Ex. 2 at A-a65; Ex. 8 at 266:17-267:13; Ex. 9 at 142:22-143:17, 144:25-145:18; Ex. 10 ¶¶ 427-30.) Because the alleged "response list" is therefore cleared from the recipient's device in Apple's accused Lost Mode feature by actions *other* than selecting a "response" from the "response list" on the recipient device, the accused feature does not meet the "means for requiring a required manual response from the response list by the recipient in order to clear recipient's response list from recipient's cell phone display" limitation (claim 1) or the "providing a manual response list on the display of the recipient PDA/cell phone that can only be cleared by the recipient providing a required response from the list" limitation (claim 6). Summary judgment of non-infringement is therefore warranted.

### B. AGIS Is Estopped From Asserting Infringement Of The '970 Patent Under The Doctrine Of Equivalents.

AGIS is estopped from asserting infringement under the doctrine of equivalents because narrowing amendments during prosecution added (1) the "means for requiring a required manual response from the response list" in claim 1 and (2) "providing a manual response list on the display of the recipient PC or PDA/cell phone" in claim 6 to overcome prior art rejections.

#### 1. Estoppel Bars Any Assertion Of Infringement Under The Doctrine Of Equivalents For The "Means For Requiring A Required Manual Response From The Response List" Limitation Of Claim 1.

AGIS added the "means for requiring a required manual response from the response list" limitation in claim 1 of the '970 patent specifically to narrow the scope of the claim and avoid

8

████████████████████████████████████████
████████████████████████████

prior art. *See GeoTag*, 2014 WL 282731, at *2 ("Clearly, a claim that requires [an added limitation] is narrower than one which does not."). AGIS explicitly argued that the prior art did not disclose the added limitation. (Ex. 6 at 8.) In particular, AGIS used that additional language to argue that the prior art "ha[d] nothing to do with [the] claimed invention providing a forced message alert and requiring a specific response from a recipient selected from the prepared list of responses prior to the recipients [*sic*] display being cleared of the message and required response." (*Id.*) Accordingly, there can be no legitimate dispute that the amendment was directly related to patentability. Therefore, AGIS is presumed to have "surrendered all territory between the originally claimed invention and the claims as written, and the burden lies with [AGIS] to prove otherwise." *GeoTag*, 2014 WL 282731, at *2.

Mr. McAlexander ████████████████████████████ but AGIS makes no showing that any overcomes the presumption of estoppel. In order to avoid estoppel, AGIS must show that each of those alleged equivalents was unforeseeable or otherwise not within the scope of the prosecution surrender. *Geotag,* 2014 WL 282731, at *2. Yet there is no evidence, in Mr. McAlexander's report or elsewhere, to establish either exception. Accordingly, AGIS is estopped from arguing ***any*** equivalents.

---

4 ████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████ ████████████████████████████████
████████████████████████████████████████
██████████████████████

### 2. Estoppel Bars Any Assertion Of Infringement Under The Doctrine Of Equivalents For The "Providing A Manual Response List On The Display Of The Recipient PC Or PDA/Cell Phone" Limitation Of Claim 6.

The step of "providing a manual response list on the display of the recipient PC or PDA/cell phone" was added during prosecution to narrow the scope of claim 6 to avoid prior art. (Ex. 4 at 5.) As with AGIS's other amendments, AGIS added that language to distinguish prior art and secure allowance. (*Id.* at 10-11.) In particular, AGIS explicitly referenced the newly-added limitation, arguing that it was "not taught or suggested in the references when viewed together cited by the Examiner." (*Id.*) Accordingly, the amendment was related to patentability and AGIS is presumed to have "surrendered all territory between the originally claimed invention and the claims as written, and the burden lies with [AGIS] to prove otherwise." *GeoTag*, 2014 WL 282731, at *2.

With respect to this claim requirement,  (Ex. 2 ¶ 161.) In other words, AGIS cannot—and has not attempted to—meet its burden to show that such equivalent was unforeseeable or otherwise not within the scope of the prosecution surrender. AGIS should therefore be estopped from arguing any infringement under the doctrine of equivalents for that limitation as well. *GeoTag,* 2014 WL 282731, at *2.

### VI. CONCLUSION

For at least the foregoing reasons, Apple respectfully requests that the Court grant summary judgment of non-infringement of the asserted claims (claims 3, 5, and 8) of the '970 patent.

10

██████████████████████████████████████
         ████████████████████████

Dated: December 14, 2018          Respectfully submitted:

*/s/ Melissa R. Smith*
Melissa Richards Smith
State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Ave.
Marshall, TX 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
melissa@gillamsmithlaw.com

John M. Desmarais
Paul A. Bondor
Michael P. Stadnick
Ameet A. Modi
Cosmin Maier
Kerri-Ann Limbeek
Brian Matty
Tom BenGera
Kathryn Bi
Francesco Silletta
**DESMARAIS LLP**
230 Park Avenue
New York, NY 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401
Email: jdesmarais@desmaraisllp.com
Email: pbondor@desmaraisllp.com
Email: mstadnick@desmaraisllp.com
Email: amodi@desmaraisllp.com
Email: cmaier@desmaraisllp.com
Email: klimbeek@desmaraisllp.com
Email: bmatty@desmaraisllp.com
Email: tbengera@desmaraisllp.com
Email: kbi@desmaraisllp.com
Email: fsilletta@desmaraisllp.com

*ATTORNEYS FOR DEFENDANT APPLE INC.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Plaintiff's counsel of record were served with a true and correct copy of the foregoing document by electronic mail on December 14, 2018.

*/s/ Melissa R. Smith*
Melissa R. Smith